STATE v. RUFUS JOHNSTON.

*Indictment — Attempt to Commit Rape.*

1. An indictment for an assault with intent to commit a rape (under Bat. Rev. ch. 32, § 5) is supported by proof of an assault with intent to unlawfully and carnally know and abuse a female child under ten years of age.
2. In such case, it is sufficient to show that the defendant attempted to do the act, *i. e.* to carnally know and abuse the child.

(*State* v. *Storkey*, 63 N. C. 7, cited and approved.)

INDICTMENT for Rape, tried at Fall Term, 1876, of MECKLENBURG Superior Court, before *Schenck, J.*

The case is so fully discussed by Mr. Justice Reade in delivering the opinion of this Court, that any further statement is deemed unnecessary.

*Attorney General,* for the State.

*Mr. W. W. Flemming,* for the defendant cited, *State* v. *Sam,* 1 Winst. 300 ; *State* v. *Burgess,* 74 N. C. 272 ; *State* v. *Farmer,* 4 Ire. 224, and East. 435.

READE, J. "Every person who is convicted in due course of law of ravishing and carnally knowing any female of the age of ten years or more, by force and against her will, or who is convicted in like manner of unlawfully and carnally knowing and abusing any female child under the age of ten years, shall suffer death." Laws 1868–'9, ch. 167, § 2.

"Every person convicted by due course of law of an assault with intent to commit a rape upon the body of any female shall be imprisoned in the State prison, not less than five nor more than fifteen years." Ibid. § 3.

14

The above sections which immediately follow each other in the original Act, are brought forward in Bat Rev. as sections 2 and 3 of ch. 32.

The indictment is for an assault with intent to commit a rape under the third section of the original Act, which is the fifth section of ch. 32, Bat. Rev. And the proof was that the female was under ten years of age, although the indictment says nothing about the age.

The defendant makes the point that he cannot be convicted, because a rape cannot be committed upon a female under ten years of age ; that the unlawful carnal knowledge and abuse of a female is a *crime* but not the crime of *rape*.

Rape is the carnal knowledge of a female forcibly and against her will. 3. Inst. 60 ; 4. Black. Com. 210 ; 3. Chit. C. L. 810. This definition leaves out the elements of age altogether. And it seems to be left in some obscurity how and why that element came to be considered. Probably it was in this way ; there were instances where children below the age of discretion were enticed to yield, without a full knowledge of the nature of the act and of the consequences ; and therefore, it became necessary to fix an age under which it should be presumed, not that the act could not be consummated, but that consent could not be given. And so it came to be provided, that the consummation of the act upon a female under ten years of age, with or without her consent, shall be the same as if consummated upon a female over ten years of age without her consent or against her will. And the object of 18 Eliz. which enacts "that if any person shall unlawfully and carnally know and abuse any woman child under the age of ten years, every such unlawful and carnal knowledge and abuse shall be felony without benefit of clergy" was not to create a new offence distinct from rape, but it was to make such carnal knowlege and abuse, rape. The reason why the act does not call it rape in so many words, is, because of the seeming incongruity of calling an act rape

when it is by consent, whereas the established meaning of rape is "against her will." But still when Mr. Chitty gives, his form for an indictment under the statute he heads it, "Indictment for rape of children within the age of consent," which shows that he regards the crime as rape. And so, this Court in *State* v. *Storkey*, 63 N. C. 7, says, "Our statute makes it *rape*, carnally to know and abuse a child under ten years of age even although she consents."

And since 18 Eliz. the definition of rape in Hale's Pleas of the Crown, 628, is "the carnal knowledge of any woman above the age of ten years against her will, and of a woman-child under the age of ten years with or against her will." So that now the definition of rape of a female over ten years. of age is as it always has been, "carnal knowledge against her will." But since 18 Eliz. and under our statute, which is substantially a copy, rape of a female under ten years of age is simply carnal knowledge ; or in other words, carnal knowledge of a female under ten years of age is *rape*.

This brings us to the immediate consideration of sections. 2 and 3 of Act 1868–'9 quoted above. The indictment is. under section 3 for an attempt to commit a rape. In order to convict the defendant, if the female had been over ten years of age, it would have been necessary to prove that the attempt was to do the act against her will ; but the sufferer being under ten years of age, it was sufficient to show that he attempted to do the act; to carnally know and abuse the child, who was incapable of consenting.

The third section should be construed, as if it read as follows : If any person shall attempt to commit the rape specified in the second section, that is to say, to carnally know a. female over ten years of age against her will, or to carnally know and abuse a female under ten years of age, with or against her will, he shall be punished, &c.

Our conclusion is, that a charge in an indictment under ch. 167, § 3, Acts of 1868–'9 (Bat. Rev. ch. 32 § 5) of an as-

sault with intent to commit a rape, which is the charge in the indictment before us, is supported by proof of an assault with intent to unlawfully and carnally know and abuse a female child under the age of ten years, which was the proof in the case before us. There is no error. This will be certified to the end, &c.

Per Curiam.                              Judgment affirmed.