STATE OF NORTH CAROLINA v. LEWIS WILLIAMS

No. 65

(Filed 21 December 1976)

1. **Criminal Law §§ 23, 91— plea arrangement — rejection prior to arraignment — no continuance as matter of right**

    Defendant was not entitled to a continuance as a matter of right when the trial judge rejected his negotiated plea offered prior to arraignment on the ground that the punishment therein provided was too little in view of the pending offenses. G.S. 15A-1023.

2. **Criminal Law §§ 23, 91— rejection of plea arrangement by court — continuance — when defendant is entitled to**

    When the trial judge rejects a negotiated plea arrangement pursuant to G.S. 15A-1023 before actual arraignment of defendant and before the introduction of evidence, a defendant is not entitled to a continuance as a matter of right; however, where the trial court, pursuant to G.S. 15A-1024, does not reject a plea arrangement when it is presented to him but hears the evidence and at the time for sentencing determines that a sentence different from that provided for in the plea arrangement must be imposed, a defendant is entitled to withdraw his plea and as a matter of right have his case continued until the next term.

3. **Forgery § 2— forging payee's endorsement on check — no party actually defrauded — sufficiency of evidence of forgery**

Though an intent to defraud is an essential element of forgery, it is not essential that any person be actually defrauded or that any act be done other than the fraudulent making or altering of the instrument; therefore, the State's evidence in this forgery prosecution to the effect that defendant, without the payee's authorization or consent, endorsed the payee's name to the check and negotiated the check was sufficient to repel defendant's motion for judgment as of nonsuit.

ON *certiorari* to review the decision of the Court of Appeals, 29 N.C. App. 408, 224 S.E. 2d 265, finding error in the trial before *Friday, J.*, at the 8 September 1975 Session of GASTON Superior Court.

Defendant was charged with the felonies of forgery and uttering a forged check.

On 10 September 1975, defendant and his counsel entered into a negotiated plea arrangement with the district attorney. On that day defendant, through his counsel, waived reading of indictments in the following pending cases: Indictment 75CR1111—uttering; 75CR1110—uttering; 75CR1109—uttering and forgery; 75CR983—uttering and forgery; 75CR7340—uttering and forgery. After defendant had waived reading of the above bills of indictment, the district attorney informed the court that a plea had been negotiated. The court inquired if the State was aware that the pending charges involved punishment of up to eighty years. The paper writing contained the negotiated plea was handed to the court and upon inquiry by the court, it was disclosed that defendant was subject to a probationary judgment which carried a suspended sentence of imprisonment of eighteen months. Judge Friday then stated that, in view of the possible punishment, he could not go along with the terms of the negotiated plea arrangement. Defendant, through his counsel, thereupon withdrew the plea and orally requested a continuance. Without ruling on the request for continuance, Judge Friday said, "I believe it is automatic under the new statute, isn't it?". On 11 September 1975 defendant filed a written motion for a continuance which the trial judge denied. Defendant excepted to this ruling. Defendant was then arraigned and he entered a plea of not guilty.

The State's evidence tended to show that defendant had in his possession a check in the amount of $171, drawn to the order of his brother, Woodrow Williams. Without his brother's consent,

he endorsed the name Woodrow Williams on the check and pre-
sented it for cash on 1 February 1975 to William Macon Law-
rence, the proprietor of the Dallas Supermarket. Mr. Lawrence,
who had known defendant for twenty-three years, saw him
endorse the check by signing the name Woodrow Williams. Mr.
Lawrence cashed the check and after defendant left, Mr. Law-
rence's wife asked, "that is not Woodrow Williams, is it?". Mr.
Lawrence replied in the negative and called defendant from his
automobile to endorse the check in his name. When defendant
returned, he endorsed the check "George Williams." Mr. Law-
rence never presented the check for payment.

Defendant offered no evidence.

The jury returned verdicts of guilty on both charges. De-
fendant appealed from judgment imposing a sentence of im-
prisonment for not less than four years nor more than seven
years on the charge of forgery and a sentence of imprisonment
for a period of three years on the charge of uttering a forged
check. The latter sentence was suspended and defendant was
placed on probation.

*Attorney General Edmisten, by Associate Attorney Henry
H. Burgwyn, for the State.*

*Don H. Bumgardner for defendant.*

BRANCH, Justice.

[1]  Defendant contends that he was entitled to a continuance
as a matter of right when the trial judge rejected his negotiated
plea on the ground that the punishment therein provided was too
little in view of the pending offenses.

G.S. 15A-1023, in pertinent part, provides:

(a) If the parties have agreed upon a plea arrange-
ment pursuant to G.S. 15A-1021 in which the solicitor has
agreed to recommend a particular sentence, they must dis-
close the substance of their agreement to the judge at the
time the defendant is called upon to plead.

(b) Before accepting a plea pursuant to a plea ar-
rangement in which the solicitor has agreed to recommend
a particular sentence, the judge must advise the parties

whether he approves the arrangement and will dispose of the case accordingly. If the judge rejects the arrangement, he must so inform the parties, refuse to accept the defendant's plea of guilty or no contest, and advise the defendant personally that neither the State nor the defendant is bound by the rejected arrangement. The judge must advise the parties of the reasons he rejected the arrangement and afford them an opportunity to modify the arrangement accordingly. A decision by the judge disapproving a plea arrangement is not subject to appeal.

The official commentary at this point contains the following language:

. . . If the judge refuses to go along, the parties can either renegotiate or the defendant may withdraw his plea and secure a continuance as a matter of right. See § 15A-1024.

G.S. 15A-1024 provides:

If at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.

When the district attorney and defense counsel presented their proposed plea arrangement to the trial judge, he rejected it and stated his reasons therefor. Although the record does not affirmatively show that the trial judge "advised the defendant personally that neither the State nor the defendant is bound by the rejected arrangement," his action in permitting defendant to withdraw his plea was equivalent to the giving of such advice. Defendant does not contend that he was not afforded an opportunity to modify the plea arrangement or that he needed additional time to prepare for trial. His position is that G.S. 15A-1023 and G.S. 15A-1024 must be construed together so as to entitle him to a continuance as a matter of right.

It is a cardinal rule of statutory construction that the intent of the legislature controls the interpretation of statutes. *Highway Commission v. Hemphill*, 269 N.C. 535, 153 S.E. 2d 22; *Lockwood v. McCaskill*, 261 N.C. 754, 136 S.E. 2d 67. It is also well settled that statutes dealing with the same subject matter

must be construed *in pari materia* and harmonized to give effect to each other. *Utilities Commission v. Electric Membership Corp.,* 275 N.C. 250, 166 S.E. 2d 663; *Gravel Co. v. Taylor,* 269 N.C. 617, 153 S.E. 2d 19. Yet, when the language of a statute is clear and unambiguous there is no room for judicial construction and the court must give the statute its plain and definite meaning without superimposing provisions or limitations not contained within the statute. *State v. Camp,* 286 N.C. 143, 209 S.E. 2d 754; *Board of Architecture v. Lee,* 264 N.C. 602, 142 S.E. 2d 643.

§ 350.5(4) of the A.L.I. Model Code of Pre-Arraignment Procedure is nearly identical to our G.S. 15A-1023(b). In Part III—Commentary of the Model Code, at page 624, we find the following comment:

> If the parties do not reach a new agreement after the judge rejects the first one, and the case then proceeds to trial, the trial should be had wherever feasible before a different judge so as to eliminate any possible prejudice.

§ 350.6 of the Model Code is the counterpart of our G.S. 15A-1024 except for the striking difference that it does not contain the following language: "Upon withdrawal, the defendant is entitled to a continuance until the next session of court."

**[2]** Although we are not bound by these commentaries, we have no quarrel with the conclusions therein contained. The legislature might well have enacted a statute providing for a continuance as a matter of right when the trial judge rejects a plea arrangement at any stage of the proceedings. This the legislature did not do. Instead the legislature enacted two separate and distinct statutes on the same day. The unambiguous language of G.S. 15A-1023(b) makes it clear that its provisions are activated when the trial judge rejects a negotiated plea arrangement *before* actual arraignment of defendant and *before* the introduction of evidence. *This statute does not provide for a continuance as a matter of right.*

The equally unambiguous language of 15A-1024 discloses that this statute applies in cases in which the trial judge does not reject a plea arrangement when it is presented to him but hears the evidence and at the time for sentencing determines that a sentence different from that provided for in the plea arrangement must be imposed. *Under the express provisions of this*

*statute a defendant is entitled to withdraw his plea and as a matter of right have his case continued until the next term.*

There is no conflict in the language of the statutes requiring that they be harmonized or construed. Rather, it clearly appears that the legislature intended that these separate statutes be independent and apply to entirely different, carefully delineated factual situations. Under these circumstances, it is not within our power to interpolate the right to a continuance into the provisions of G.S. 15A-1023 (b).

The provisions of G.S. 15A-1023 (b) govern the facual situation presented by this appeal and, therefore, the defendant was not entitled to a continuance as a matter of right. Having so decided, we also hold that there has been no showing of abuse in the trial judge's discretionary ruling on defendant's motion to continue. *State v. Blackmon*, 280 N.C. 42, 185 S.E. 2d 123; *State v. Baldwin*, 276 N.C. 690, 174 S.E. 2d 526.

[3] Finally, we find no merit in defendant's argument that the trial judge erred by denying his motion for judgment as of nonsuit. Defendant takes the position that since the witness Lawrence knew that defendant endorsed the wrong name on the check there was no evidence of fraud.

An intent to defraud is an essential element of forgery. However, it is not essential that any person be actually defrauded or that any act be done other than the fraudulent making or altering of the instrument. *State v. Hall*, 108 N.C. 776, 13 S.E. 189.

Here the State's evidence to the effect that defendant, without the payee's authorization or consent, endorsed the payee's name to the check and negotiated the check was sufficient to repel defendant's motion for judgment as of nonsuit. *See State v. Coleman*, 253 N.C. 799, 117 S.E. 2d 742.

The decision of the Court of Appeals is

Reversed.