LULA V. MELTON, GUARDIAN FOR DONNA MELTON MADRY, PLAINTIFF v. JAMES T. MADRY, JR., DEFENDANT

No. 9110DC490

(Filed 7 April 1992)

**Divorce and Separation § 188 (NCI4th) — insane spouse — claim for alimony — no claim for divorce**

The trial court did not err by dismissing plaintiff's complaint under N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiff asserted that she is incurably insane within the meaning of N.C.G.S. § 50-5.1 due to severe and permanent brain damage

MELTON v. MADRY

[106 N.C. App. 83 (1992)]

and that she is entitled to permanent support from defendant, but the complaint did not contain a claim for divorce. The statutory language specifically states that a court may enter a divorce only upon the petition of the sane spouse who has established the incurable insanity of the other spouse in accordance with the methods of proof set forth in the statute. The court may order the plaintiff to provide lifetime support for the defendant only upon the granting of a divorce decree in that manner and a showing of insufficient income and property by defendant.

**Am Jur 2d, Divorce and Separation §§ 531, 540-541; Husband and Wife §§ 387-391.**

APPEAL by plaintiff from *Morelock (Fred M.), Judge*. Order entered 18 February 1991 in District Court, WAKE County. Heard in the Court of Appeals on 16 March 1992.

This is a civil action instituted by plaintiff Melton as guardian for Donna Melton Madry seeking temporary and permanent alimony pursuant to G.S. 50-5.1. Donna Melton Madry and defendant James Madry are also parties to another case consolidated for hearing before this Court and reference is made to the opinion filed on this same date in *Madry v. Madry*, 9110DC489, for further information regarding the events leading to this appeal.

James and Donna Madry were married on 8 May 1982. According to the complaint filed by plaintiff, Donna Madry suffered a stroke on 9 August 1986 which left her with severe and permanent brain damage. Donna and James Madry separated on 19 February 1988. Donna was declared incompetent on 5 July 1990 and her mother, Lula Melton, was appointed as her general guardian. Plaintiff's complaint alleged that, as a result of Donna's brain damage, she is "incurably insane" within the meaning of G.S. 50-5.1 and is entitled to permanent support from defendant pursuant to that statute.

Defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Upon the hearing of defendant's motion, the trial court held that neither temporary nor permanent alimony is awardable under G.S. 50-5.1 absent a pending action for divorce under that statute and dismissed plaintiff's complaint for failing to state a claim for relief.

MELTON v. MADRY

[106 N.C. App. 83 (1992)]

Plaintiff appeals from the dismissal of her complaint.

*Womble Carlyle Sandridge & Rice, by Susan D. Crooks, for plaintiff, appellant.*

*Ragsdale, Kirschbaum, Nanney, Sokol & Heidgerd, P.A., by William L. Ragsdale, C. D. Heidgerd, and Connie E. Carrigan, for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff's sole contention on appeal is that the trial court erred by allowing defendant's motion pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and dismissing her complaint for temporary and permanent alimony based upon G.S. 50-5.1. In determining the propriety of an order pursuant to Rule 12(b)(6), we must accept as fact all allegations in the complaint and decide as a matter of law whether those allegations state a claim for relief. *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979). We are not required, however, to accept plaintiff's conclusions of law. *Jackson v. Bumgardner*, 318 N.C. 172, 347 S.E.2d 743 (1986).

Plaintiff's complaint asserts the conclusion that, due to the severe and permanent brain damage suffered by Donna Madry prior to the separation of the parties, Donna Madry is "incurably insane" within the meaning of G.S. 50-5.1 and is entitled to the permanent support from defendant which is authorized by that statute. The complaint does not contain a claim for a divorce. Plaintiff argues vehemently that G.S. 50-5.1 should be interpreted by this Court as allowing an "insane" spouse both temporary and permanent alimony prior to the institution of an action for divorce by the "sane" spouse.

G.S. 50-5.1 is entitled "Grounds for absolute divorce in cases of incurable insanity" and states in part:

> In all cases where a husband and wife have lived separate and apart for three consecutive years, without cohabitation, and are still so living separate and apart by reason of the incurable insanity of one of them, the court may grant a decree of absolute divorce upon the petition of the sane spouse.

. . .

In all decrees granted under this subdivision in actions in which the insane defendant has insufficient income and property to provide for his or her own care and maintenance, the court shall require the plaintiff to provide for the care and maintenance of the insane defendant for the defendant's lifetime, based upon the standards set out in G.S. 50-16.5(a).

The statute further specifies the evidence required to prove that a spouse suffers from "incurable insanity" and the method by which the period of separation is determined.

We are not compelled to decide whether Donna Madry is "incurably insane." We need only determine whether the language of the statute as set forth above allows a spouse who contends to be "incurably insane" to petition the court for support prior to the institution of a divorce action pursuant to that section.

A statute must be construed as written. Our Supreme Court stated in *State v. Williams*, 291 N.C. 442, 445-446, 230 S.E.2d 515, 518-519 (1976), that ". . . when the language of a statute is clear and unambiguous there is no room for judicial construction and the court must give the statute its plain and definite meaning . . . ." G.S. 50-5.1 cannot be said to be ambiguous or unclear. The language specifically states that a court may enter a divorce only upon the petition of the "sane" spouse who has established the incurable insanity of the other spouse in accordance with the methods of proof set forth in the statute. Only upon the granting of a divorce decree in that manner and a showing of insufficient income and property by "defendant," may the court order "plaintiff" to provide lifetime support for the "insane defendant."

The plain language of G.S. 50-5.1 allows no interpretation other than that given by the trial court. Plaintiff's complaint was properly dismissed pursuant to Rule 12(b)(6).

Affirmed.

Judges ORR and WALKER concur.