STATE OF NORTH CAROLINA v. ALLEN TERRELL ANTHONY

No. 342PA99

(Filed 5 May 2000)

**Rape— statutory—consent not a defense**

Statutory construction of N.C.G.S. § 14-27.7A(b) reveals that consent is not a defense to a charge of vaginal intercourse or a sexual act with a person who is thirteen, fourteen, or fifteen years old by a defendant who is more than four but less than six years older than the victim because: (1) the designation of marriage in this statute as the single defense is an implicit rejection of all other defenses under the doctrine of inclusio unius est exclusio alterius; (2) the purpose of the statute, when viewed in the context of the historical development of this area of law, is to protect children aged thirteen, fourteen, and fifteen years old

from sexual acts; (3) the legislature identified the difference in age between the defendant and the victim as an essential element of the crime, reflecting a legitimate legislative decision that sexual intercourse or sexual acts with children deserve more severe punishment if the victim is younger or based on a greater difference in age between the victim and the older defendant; (4) the fact the legislature did not chose to amend an existing statute does not mean that it intended to depart from well-established precedent and allow consent as a defense to a charge of violating the new statutory rape statute; and (5) the use of the term "statutory rape" in the title of the legislative act presumes the legislature intended to impart that term's well-understood meaning of an offense committed against a victim legally incapable of giving consent to sexual intercourse because of age or other incapacity.

Justice WAINWRIGHT dissenting.

Justice ORR joins in the dissenting opinion.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 133 N.C. App. 573, 516 S.E.2d 195 (1999), finding no error in a judgment entered 25 March 1998 by Martin (Lester P., Jr.), J., in Superior Court, Davie County. Heard in the Supreme Court 17 February 2000.

*Michael F. Easley, Attorney General, by Elizabeth L. Oxley, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Bobbi Jo Markert, Assistant Appellate Defender, for defendant-appellant.*

FRYE, Chief Justice.

The sole issue in this case is the construction of N.C.G.S. § 14-27.7A(b), which provides:

A defendant is guilty of a Class C felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is more than four but less than six years older than the person, except when the defendant is lawfully married to the person.

N.C.G.S. § 14-27.7A(b) (1999). The question raised by defendant's petition for discretionary review is whether the statute permits a defense of consent. We conclude that it does not.

STATE v. ANTHONY

[351 N.C. 611 (2000)]

The relevant facts are not in dispute and need not be elaborated in great detail. Defendant, aged twenty, spent the evening of 6 January 1997 with the victim, aged fourteen, and two other teenagers. At approximately 11:00 p.m., defendant began driving his three companions home. Defendant first dropped off the other teenagers. At some time between 11:15 and 11:45 p.m., while defendant and the victim were alone in the car, defendant drove the car off the main road and engaged in sexual intercourse with the victim in the front seat. Defendant then drove the victim home.

The victim's mother took her to the Davie County Hospital emergency room, where she was examined in the early morning hours of 7 January 1997. The victim told hospital personnel that she had been raped. The examining physician noted that the victim's condition was consistent with sexual intercourse. When law enforcement officers arrived at the hospital, the victim told them that defendant had forced himself on her.

Later that morning, defendant was arrested on a warrant charging him with second-degree rape. Defendant gave a statement to law enforcement officers in which he admitted having sex with the victim but contended that it was consensual.

On 27 May 1997, defendant was indicted on a charge of violating N.C.G.S. § 14-27.7A(b), specifically that he

unlawfully, willfully and feloniously did engage in vaginal intercourse with [the victim], a person of 14 years of age. At the time of the offense, the defendant was more than four but less than six years older than the victim, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.

Defendant was tried before a jury at the 2 March 1998 Criminal Session of Superior Court, Davie County. At the close of all the evidence, the prosecutor requested that the trial court give an additional instruction that "consent is not a defense to the charge of statutory rape." The trial court agreed and, after instructing the jury as to the elements of the charged offense, instructed the jury as follows:

I also instruct you that the forbidden conduct under this statutory rape charge is the act of intercourse itself. Any force used in the act or apparent lack of consent of the child or not are not essential elements. This is so because this statutory rape law was designed to protect children.

The jury returned a verdict of guilty "of statutory rape of a victim who was 14 years old at the time of the offense and the defendant was more than four but less than six years older." The trial court sentenced defendant to a minimum of fifty-eight months' and a maximum of seventy-nine months' imprisonment. The Court of Appeals found no error in defendant's trial.

The single issue presented to this Court by defendant's petition for discretionary review is whether consent is a defense to a charged violation of N.C.G.S. § 14-27.7A(b) and, thus, whether the trial court's instruction constituted plain error. Section 14-27.7A was enacted in 1995 and, prior to the instant case, had not been interpreted by our appellate courts. In this respect, therefore, this case presents an issue of first impression. However, to the extent that the legislature has historically defined statutory rape and statutory sex offenses and the Court has conducted ample review and interpretation of those statutes, the decision announced today does not depart from the established jurisprudence of the state.

We begin by examining the plain language of N.C.G.S. § 14-27.7A(b). "In matters of statutory construction, our primary task is to ensure that the purpose of the legislature, the legislative intent, is accomplished. Legislative purpose is first ascertained from the plain words of the statute." *Electric Supply Co. of Durham v. Swain Elec. Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991) (citation omitted). In this case, the language of the statute is clear and unambiguous as to the conduct prohibited. The statute prohibits vaginal intercourse or sexual acts with a person thirteen, fourteen, or fifteen years old by a defendant who is "more than four but less than six years older." N.C.G.S. § 14-27.7A(b).

While the crime is unambiguously defined, however, whether consent is or is not a defense to the crime is not expressly addressed by the plain language of N.C.G.S. § 14-27.7A(b). Defendant contends that, because the legislature could have specifically prohibited consent as a defense to a charge under this section and did not, the legislature must have intended consent to be a defense. However, the legislature did specifically identify marriage as a defense in both subsections (a) and (b) of N.C.G.S. § 14-27.7A. While not dispositive, under the doctrine *inclusio unius est exclusio alterius* ("The inclusion of one is the exclusion of another." *Black's Law Dictionary* 763 (6th ed. 1990)), the designation of this single defense is an implicit rejection of all others.

In addition to the language of a statute, we also look to "the spirit of the act[] and what the act seeks to accomplish" when discerning legislative intent. *Taylor v. Taylor*, 343 N.C. 50, 56, 468 S.E.2d 33, 37 (1996). In this case, an analysis of the development of North Carolina's law shows that the new statute, N.C.G.S. § 14-27.7A, embodies the spirit and purpose of earlier statutes dealing with the same general subject.

As early as 1837, North Carolina had codified the crime of rape as follows:

> Any person, who shall ravish and carnally know any female, of the age of ten years or more, by force or against her will, *or who shall unlawfully and carnally know and abuse any female child under the age of ten years*, shall be adjudged guilty of felony, and shall suffer death . . . .

1837 Rev. Code ch. 34, § 5 (emphasis added). In describing the origin of our state's "statutory rape" law, the Court in *State v. Johnston*, 76 N.C. 209 (1877), noted:

> Rape is the carnal knowledge of a female forcibly and against her will. This definition leaves out the elements of age altogether. And it seems to be left in some obscurity how and why that element came to be considered. Probably it was in this way; there were instances where children below the age of discretion were enticed to yield, without a full knowledge of the nature of the act and of the consequences; and *therefore, it became necessary to fix an age under which it should be presumed, not that the act could not be consummated, but that consent could not be given.* And so it came to be provided, that the consummation of the act upon a female under ten years of age, with or without her consent, shall be the same as if consummated upon a female over ten years of age without her consent or against her will.

*Id.* at 210 (citations omitted) (emphasis added). The legislature later raised to twelve the age under which it was presumed that consent could not be given. *See* N.C.G.S. § 14-21 (Supp. 1977) (repealed 1979). The present-day successor to this line of statutes is N.C.G.S. § 14-27.2(a)(1), which provides:

(a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

    (1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim[.]

N.C.G.S. § 14-27.2(a)(1) (1999); *see also* N.C.G.S. § 14-27.4(a)(1) (1999) (first-degree sexual offense).

This Court has consistently recognized that consent of the victim is not a defense under N.C.G.S. § 14-27.2(a)(1) or its predecessor statutes. *See, e.g., State v. Rose,* 312 N.C. 441, 445, 323 S.E.2d 339, 342 (1984); *State v. Temple,* 269 N.C. 57, 68, 152 S.E.2d 206, 214 (1967); *Johnston,* 76 N.C. at 210. Where the age of the victim is an essential element of the crime of rape, as in N.C.G.S. § 14-27.2(a)(1) and its predecessor statute N.C.G.S. § 14-21, the result is a strict liability offense. As we said in *State v. Temple,* "Consent is no defense, and this is true by virtue of the language of the statute." 269 N.C. at 68, 152 S.E.2d at 214 (reviewing a prosecution under N.C.G.S. § 14-21, where the defendant was charged with feloniously and carnally knowing and abusing a female child under the age of twelve years).

The purpose of the statutory rape law is to protect children under a certain age from sexual acts. *See State v. Weaver,* 306 N.C. 629, 295 S.E.2d 375 (1982), *overruled in part on other grounds by State v. Collins,* 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993). In *Weaver,* we said:

    [The] lack of an assault requirement under the statutory rape law, G.S. 14-27.2(a)(1), is understandable given the purpose of the statute. Unlike the provision of the first-degree rape statute that applies if the victim is an adult, *the forbidden conduct under the statutory rape provision is the act of intercourse itself;* any force used in the act, any injury inflicted in the course of the act, or *the apparent lack of consent of the child are not essential elements. This is so because the statutory rape law, G.S. 14-27.2(a)(1), was designed to protect children under twelve from sexual acts.*

*Weaver,* 306 N.C. at 637, 295 S.E.2d at 380 (citations omitted) (emphasis added) (explaining an earlier version of N.C.G.S. § 14-27.2(a)(1)).

Defendant contends that because the legislature created N.C.G.S. § 14-27.7A as a separate statute, rather than amending N.C.G.S. § 14-27.2(a)(1), it intended the two statutes to be construed differently and that prior case law interpreting N.C.G.S. § 14-27.2(a)(1) should not be used to construe N.C.G.S. § 14-27.7A(b). We disagree.

We conclude that the purpose of N.C.G.S. § 14-27.7A, by its plain language and when viewed in the context of the historical development of this area of the law, is to protect children aged thirteen, fourteen, and fifteen years old from sexual acts. It would undermine this purpose to allow a defendant to claim that the thirteen-, fourteen-, or fifteen-year-old victim consented to the very acts that the statute is designed to prevent. This Court will avoid a construction that works to " 'defeat or impair the object of the statute . . . if that can reasonably be done without violence to the legislative language.' " *Electric Supply Co.*, 328 N.C. at 656, 403 S.E.2d at 294 (quoting *State v. Hart*, 287 N.C. 76, 80, 213 S.E.2d 291, 295 (1975)).

We also note that the legislature identified the defendant's age, or more specifically the difference in age between the defendant and the victim, as an essential element of the crime at issue here. This is consistent with N.C.G.S. § 14-27.2(a)(1), which requires that the defendant be "at least 12 years old and . . . at least four years older than the victim." N.C.G.S. § 14-27.2(a)(1); *see also* N.C.G.S. § 14-27.4(a)(1) (first-degree sexual offense). N.C.G.S. § 14-27.7A is a logical extension of the existing statutory rape and statutory sexual offense laws in this respect, particularly when the statute is read as a whole. Subsection (a) prohibits vaginal intercourse or sexual acts with a person who is thirteen, fourteen, or fifteen years old by a defendant who is at least six years older than the victim and punishes this offense as a Class B1 felony. The same conduct is forbidden by subsection (b) where the defendant is more than four but less than six years older than the victim but is punishable as a Class C felony. The structure of N.C.G.S. § 14-27.7A is consistent with N.C.G.S. § 14-27.2(a)(1) in reflecting a legitimate legislative decision that sexual intercourse or sexual acts with children deserve more severe punishment if the victim is younger or based on a greater difference in age between the victim and the older defendant. The fact that the legislature did not choose to amend an existing statute does not mean that it intended to depart from well-established precedent and allow consent as a defense to a charge of violating the new statutory rape statute.

Finally, we may consider the title of an Act as a " 'legislative declaration of the tenor and object of the Act.' " *State ex rel. Cobey v. Simpson*, 333 N.C. 81, 90, 423 S.E.2d 759, 764 (1992) (quoting *State v. Woolard*, 119 N.C. 779, 780, 25 S.E. 719, 719 (1896)). The statute at issue here was passed under the title "An Act to Create Offenses of Statutory Rape and Statutory Sexual Offense Against Victims Who Are Thirteen, Fourteen, or Fifteen Years Old." Act of 19 June, 1995,

ch. 281, 1995 N.C. Sess. Laws 565, 565-66. The term "statutory rape" has a particularized meaning as an offense committed against a victim legally incapable of giving consent to sexual intercourse because of age or other incapacity. *See, e.g., State v. Browder*, 252 N.C. 35, 38, 112 S.E.2d 728, 730 (1960). "[W]e presume that the legislature acted with full knowledge of prior and existing law and its construction by the courts." *State ex rel. Cobey*, 333 N.C. at 90, 423 S.E.2d at 763. Therefore, by using the term "statutory rape" in the title of this Act, we presume that the legislature intended to impart that term's well-understood meaning to the offenses defined by N.C.G.S. § 14-27.7A.

We note that defendant makes numerous public policy arguments why thirteen-, fourteen-, and fifteen-year-old persons should be considered capable of giving meaningful consent to sexual acts. However, these arguments are more properly directed to the legislature. The sole issue before this Court is one of statutory construction, and for the foregoing reasons, we hold that consent is not a defense to a charge of violating N.C.G.S. § 14-27.7A(b). Accordingly, the trial court's instruction to the jury was a correct statement of the law, and we affirm the decision of the Court of Appeals.

AFFIRMED.

Justice WAINWRIGHT dissenting.

I respectfully dissent. This is a case of statutory construction. I agree with the majority that the statute at issue in the instant case is clear and unambiguous; however, because there is no clear mandate from the legislature, I do not agree with the majority's conclusion that the statute does not include a consent defense. "[W]hen the language of a statute is clear and unambiguous there is no room for judicial construction and the court must give the statute its plain and definite meaning without superimposing provisions or limitations not contained within the statute." *State v. Williams*, 291 N.C. 442, 446, 230 S.E.2d 515, 517 (1976); *accord State v. Johnson*, 298 N.C. 355, 361, 259 S.E.2d 752, 757 (1979); *State v. Camp*, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974).

In other statutes within chapter 14, article 7A, the legislature included consent language: (1) section 14-27.2, the first-degree rape statute, refers to vaginal intercourse with a child under the age of thirteen years or with another person *by force and against the will of that person*, N.C.G.S. § 14-27.2 (1999); (2) section 14-27.3, the

STATE v. ANTHONY

[351 N.C. 611 (2000)]

second-degree rape statute, refers to vaginal intercourse with another person *by force and against the will of that person* or with someone who is mentally defective, mentally incapacitated or physically helpless, N.C.G.S. § 14-27.3 (1999); (3) section 14-27.4, the first-degree sexual offense statute, refers to engaging in a sexual act with a child under the age of thirteen years or with another person *by force and against the will of that person*, N.C.G.S. § 14-27.4 (1999); (4) section 14-27.5, the second-degree sexual offense statute, refers to engaging in a sexual act with a person *by force and against the will of that person* or with someone who is mentally defective, mentally incapacitated, or physically helpless, N.C.G.S. § 14-27.5 (1999); and (5) section 14-27.7, titled "Intercourse and sexual offenses with certain victims; consent no defense," explicitly states "[c]onsent is not a defense to a charge under this section," N.C.G.S. § 14-27.7 (1999).

In contrast, the statute at issue, N.C.G.S. § 14-27.7A, refers to vaginal intercourse or a sexual act with a person who is thirteen, fourteen, or fifteen years old. N.C.G.S. § 14-27.7A (1999). In the other statutes in this article, the legislature included the phrase "by force and against the will of the other person" or "[c]onsent is not a defense" to specify its intention. Therefore, it is clear the legislature knew how to indicate consent was not a defense if that was its intention.

N.C.G.S. § 14-27.7A is neither unclear nor ambiguous as to whether consent is a defense. It is silent. We have previously stated that this Court, "even if persuaded by the State's concerns, may not substitute its judgment for that of the General Assembly." *State v. Bates*, 348 N.C. 29, 37, 497 S.E.2d 276, 280 (1998). While the majority focuses on the specific inclusion of a marriage defense and the "spirit" of the Act to protect children, I cannot overlook the legislature's clear distinction between the use of the phrase "by force and against the will of the other person" or the inclusion of the specific language that "[c]onsent is not a defense" in the other statutes of the same article. Without a clear mandate that consent is not a defense, the majority is substituting its judgment for the legislature's and creating a limitation which is not in the statute.

Justice ORR joins in the dissenting opinion.