WYNN, Judge.
Defendant Neomi Beltran appeals by writ of certiorari from judgment of the trial court sentencing her based on her conviction of trafficking in methamphetamine. Defendant argues the trial court erred in failing to grant her a continuance after rejecting her plea agreement. We agree with Defendant and therefore reverse her conviction.
On 4 September 2001, Defendant was indicted on two counts of trafficking in methamphetamine, and one count each of conspiracy, maintaining a dwelling for the purposes of using controlled substances, possession with intent to sell or deliver cocaine, andsale and delivery of cocaine. On 15 October 2001, superseding indictments were entered charging Defendant with trafficking in methamphetamine, possession with intent to sell or deliver cocaine, and sale and delivery of cocaine.
On 15 October 2001, Defendant entered into a plea agreement with the State. Defendant agreed to plead guilty to four Class G felonies - two counts of trafficking in methamphetamine, one count of conspiracy and one count of sale and delivery of cocaine. The convictions were to be consolidated into two judgments. A plea hearing was held and Defendant pled guilty, stipulated to a factual basis for the plea, and the prosecution summarized the evidence. After reviewing the plea agreement and hearing a summary of the evidence, the trial court discovered that the parties were proceeding under error of law. Specifically, the charges of trafficking in methamphetamine were Class F felonies, not Class G felonies. As a Class G felon, Defendant's potential sentence was thirty-five to forty-two months' imprisonment. As a Class F felon, however, Defendant faced a possible sentence of seventy to eighty-four months' imprisonment. Upon discovery of this error, Defendant no longer wished to enter the plea agreement, and requested a continuance to discuss the matter with her family. The trial court denied the motion and the matter proceeded to trial on the first charge of trafficking in methamphetamine. On 25 October 2001, Defendant was found guilty and sentenced to a term of seventy to eighty-four months' imprisonment. Defendant subsequently pled guilty to one count each of trafficking in methamphetamine,conspiracy, maintaining a dwelling for the purposes of using controlled substances, possession with intent to sell or deliver cocaine, and sale and delivery of cocaine and was sentenced to a consecutive term of seventy to eighty-four months' imprisonment. On 19 May 2003, this Court granted Defendant a writ of certiorari for the limited purpose of reviewing the 25 October 2001 judgment finding her guilty of trafficking in methamphetamine.
Defendant argues she was entitled to a continuance pursuant to section 15A-1024 of the North Carolina General Statutes after the trial court rejected the plea agreement. We agree.
Section 15A-1024 provides that:
If at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.
N.C. Gen. Stat. § 15A-1024 (2003) (emphasis added). Section 15A-1024 applies "in cases in which the trial judge does not reject a plea arrangement when it is presented to him but hears the evidence and at the time for sentencing determines that a sentence different from that provided for in the plea arrangement must be imposed." State v. Williams, 291 N.C. 442, 446, 230 S.E.2d 515, 517-18 (1976). In the case sub judice, the trial court rejected the plea agreement after it heard the evidence because it determined that the parties were proceeding under a mistake of law, and that the court could not sentence Defendant in accordance with the pleaagreement because it would violate North Carolina law. Thus, section 15A-1024 is applicable.
"[W]hen the language of a statute is clear and unambiguous there is no room for judicial construction and the court must give the statute its plain and definite meaning without superimposing provisions or limitations not contained within the statute." Williams, 291 N.C. at 446, 230 S.E.2d at 517. The plain language of section 15A-1024 states that if "for any reason" the trial court decides to impose a sentence other than agreed upon by the parties, then the defendant is permitted to withdraw his plea and is entitled to a continuance. The trial court here determined it had to sentence Defendant to a sentence different than agreed upon because the agreed sentence would violate statutory law. Accordingly, because the trial court failed to follow the procedure mandated in section 15A-1024, we reverse and remand the matter to the trial court for proceedings consistent with those prescribed by section 15A-1024 of the North Carolina General Statutes.
Defendant additionally requests that we reconsider our limited grant of certiorari and allow review of her remaining judgment. We must decline Defendant's request. "This Court has held that one panel of the Court of Appeals may not overrule the decision of another panel on the same question in the same case." In re Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989).
Reversed and remanded.
Judges TYSON and GEER concur.
Report per Rule 30(e).