STATE v. GIBERT

[229 N.C. App. 476 (2013)]

━━━━━━━━━

STATE OF NORTH CAROLINA
v.
ALVIN GIBERT, Defendant

No. COA12-1087

Filed 3 September 2013

**Indictment and Information—short form indictment—attempted statutory rape**

The short form indictment used to charge defendant with the crime of attempted statutory rape was sufficient to vest jurisdiction in the trial court.

Appeal by defendant from judgment entered 23 March 2012 by Judge Edgar B. Gregory in Forsyth County Superior Court. Heard in the Court of Appeals 13 February 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Sarah Y. Meacham, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for defendant-appellant.*

GEER, Judge.

Defendant Alvin Gibert appeals from his conviction of taking indecent liberties with a child and attempted statutory rape. Defendant's sole argument on appeal is that the indictment for attempted statutory rape was facially defective because it did not allege that he specifically intended to rape a child who was 13, 14, or 15 years old. We hold, however, that the State was permitted to use a short form indictment to charge the crime of attempted statutory rape. Since the indictment in

this case complied with the requirements for a short form indictment, we hold that defendant received a trial free of prejudicial error.

## Facts

The State's evidence tended to show the following facts. On 31 May 2010, "Sonia" was a 13-year-old girl living with her mother in Winston-Salem, North Carolina.[1] She was asleep in her mother's bedroom when her mother received a phone call about a relative who was ill.

Sonia's mother left the house, telling Sonia to stay in the house and not open the door. Sonia had gone back to sleep when there was a knock on the door that she believed to be her mother returning. When Sonia opened the door she found defendant at the door. She knew defendant because he had dated one of her cousins and had been present at family gatherings. He had also cut the grass at Sonia's home.

Defendant, who was 46 years old, asked if Sonia's mother was home. When Sonia replied that her mother was not home, defendant pushed the door open, causing Sonia to trip over a fan onto the floor. As Sonia tried to get away from defendant, he pulled down his pants and tried to pull down Sonia's pants. Defendant told Sonia to stop moving as Sonia screamed for defendant to let her go. Defendant felt Sonia's thighs with his hands, came close to her vaginal area, and tried to open her thighs, but there was no penetration.

Sonia's mother returned home to find defendant on top of Sonia with Sonia screaming, "No." Defendant's pants were around his ankles, while Sonia's pants were down to her knees. Defendant jumped up, apologized, and said he had not touched Sonia. As Sonia lay crying on the floor, her mother began hitting and pushing defendant. When she called the police, defendant fled.

Defendant was indicted for first degree burglary, taking indecent liberties with a child, and attempted statutory rape of a 13, 14, or 15 year old. The jury acquitted defendant of first degree burglary, but convicted him of taking indecent liberties with a child and attempted statutory rape of a 13, 14, or 15 year old. The trial court consolidated the charges into a single judgment and sentenced defendant to a single presumptive-range term of 157 to 198 months imprisonment. Defendant timely appealed to this Court.

---

1. The pseudonym "Sonia" is used throughout this opinion to protect the privacy of the minor and for ease of reading.

Discussion

Defendant contends on appeal that the attempted statutory rape indictment was fatally defective. Although defendant did not raise this issue in the trial court, a challenge to the facial validity of an indictment "may be made at any time" because in the absence of a valid indictment, the trial court lacks subject matter jurisdiction. *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (2000).

It is well established that "[a]n indictment or warrant charging a statutory offense must allege all of the essential elements of the offense." *State v. Crabtree*, 286 N.C. 541, 544, 212 S.E.2d 103, 105 (1975). However, for certain crimes, our General Assembly has authorized "short form indictments" that do not necessarily require the State to allege every element of the offense. *See State v. Lowe*, 295 N.C. 596, 603, 247 S.E.2d 878, 883 (1978) ("In enacting G.S. 15-144.1 the legislature prescribed a new form of indictment for rape. Prior to this enactment it was necessary that an indictment for rape contain allegations of every element of the offense. G.S. 15-144.1, in which the legislature explicitly states that '[i]n indictments for rape it is not necessary to allege every matter required to be proved on the trial,' eliminates that requirement." (internal citation omitted) (quoting N.C. Gen. Stat. § 15-144.1)).

In order to be valid, a short form indictment must contain all of the elements set forth in the particular statute authorizing the use of short form indictments for that offense. *State v. Bullock*, 154 N.C. App. 234, 244-45, 574 S.E.2d 17, 24 (2002) (holding short form indictment for murder was invalid when it omitted the element of malice required in short form indictment statute for that crime).

N.C. Gen. Stat. § 15-144.1 (2011) authorizes the use of a short form indictment for first degree rape, second degree rape, attempted rape, or assault on a female:

> (a) In indictments for rape it is not necessary to allege every matter required to be proved on [sic] the trial; but in the body of the indictment, after naming the person accused, the date of the offense, the county in which the offense of rape was allegedly committed, and the averment "with force and arms," as is now usual, it is sufficient in describing rape to allege that the accused person unlawfully, willfully, and feloniously did ravish and carnally know the victim, naming her, by force and against her will and concluding as is now required by law. Any bill of indictment containing the averments and allegations

herein named shall be good and sufficient in law as an indictment for rape in the first degree and will support a verdict of guilty of rape in the first degree, rape in the second degree, attempted rape or assault on a female.

Defendant contends that N.C. Gen. Stat. § 15-144.1 does not apply to an indictment alleging statutory rape of a 13 year old. In *State v. Bradley*, 179 N.C. App. 551, 559, 634 S.E.2d 258, 263 (2006), however, this Court held that N.C. Gen. Stat. § 15-144.2 (2005), the short form indictment statute for sexual offense charges, applied to the crime of statutory sex offense when the alleged victim was either 13, 14, or 15 years old. Since N.C. Gen. Stat. § 15-144.1 and N.C. Gen. Stat. § 15-144.2 have essentially identical wording, substituting "rape" for "sexual offense," *Bradley* establishes that N.C. Gen. Stat. § 15-144.1 applies to the charge in this case, and the State could use a short form indictment to indict defendant for attempted statutory rape when the alleged victim was 13, 14, or 15 years old. 179 N.C. App. at 559, 634 S.E.2d at 263.

Defendant next contends that the indictment did not meet the requirements of N.C. Gen. Stat. § 15-144.1. The indictment in this case alleged:

The jurors for the State upon their oath present that on or about the date(s) of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did attempt to engage in vaginal intercourse with [Sonia], a person of the age of 13 years. At the time of the offense, the defendant was at least six years older than the victim and was not lawfully married to the victim.

Defendant points out that this indictment omits the allegation required by N.C. Gen. Stat. § 15-144.1 that the vaginal intercourse was "by force and against her will." In *Bradley*, however, even though N.C. Gen. Stat. § 15-144.2 also included the language " 'by force and against [her] will' " and the indictment at issue omitted that language, this Court held that the indictment complied with N.C. Gen. Stat. § 15-144.2 and "was sufficient to put the defendant on notice of the crime of which he was accused." 179 N.C. App. at 558, 559, 634 S.E.2d at 263 (quoting N.C. Gen. Stat. § 15-144.2 (2005)). *Bradley* is materially indistinguishable from this case and, therefore, controls.

Further, neither force nor a lack of consent were elements of the crime alleged in this case, N.C. Gen. Stat. § 14-27.7A(a) (2011). *See State v. Anthony*, 351 N.C. 611, 616, 528 S.E.2d 321, 323-24 (2000). The

State was not required to prove that the vaginal intercourse was by force and against Sonia's will, and, therefore, such an allegation was not required in the indictment. *See* N.C. Gen. Stat. § 15-155 (2011) ("No judgment upon any indictment for felony or misdemeanor . . . shall be stayed or reversed for the want of the averment of any matter unnecessary to be proved . . . .").

Defendant also contends that the indictment was insufficient because it did not allege that defendant attempted to "ravish and carnally know" the victim. However, in *Wallace*, 351 N.C. at 505, 528 S.E.2d at 341-42, the indictments for rape similarly alleged only that the defendant engaged in vaginal intercourse with the victim and not that the defendant ravished or carnally knew the victim. The Court nonetheless held the indictments complied with N.C. Gen. Stat. § 15-144.1 and provided adequate notice to defendant under both the United States and North Carolina constitutions. 351 N.C. at 505, 528 S.E.2d at 342.

Here, the indictment, like the indictment in *Wallace*, alleged that defendant "did attempt to engage in vaginal intercourse with [Sonia]." Although defendant argues that "[t]he State made no allegation in the indictment that [defendant] either attempted or succeeded in ravishing Sonia and having carnal knowledge of her," we believe that the phrase "ravish and carnally know" is essentially synonymous with vaginal intercourse, at least when alleging intercourse with a victim under the age of consent.

Consequently, we hold that the indictment in this case was a short form indictment sufficient to vest jurisdiction in the trial court. Since defendant makes no other argument on appeal, we hold defendant received a trial free of prejudicial error.

No error.

Judges STEELMAN and ROBERT N. HUNTER, JR. concur.