IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-24

Filed 05 September 2023

Cabarrus County, No. 21CRS052240

STATE OF NORTH CAROLINA

v.

JON ROSS ROBERTSON

Appeal by Defendant from judgment entered 23 August 2022 by Judge Gregory R. Hayes in Cabarrus County Superior Court. Heard in the Court of Appeals 8 August 2023.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Alan D. McInnes, for the State-Appellee.*

*Richard Croutharmel for Defendant-Appellant.*

COLLINS, Judge.

Defendant appeals from judgment entered upon his guilty plea pursuant to a plea arrangement. Defendant argues, and the State concedes, that the trial court erred by denying Defendant's motion to withdraw his guilty plea when the trial court accepted the plea and subsequently announced that it would impose a sentence other than the one agreed to by the State and Defendant in the plea arrangement. Because the trial court erred by denying Defendant's motion to withdraw his guilty plea, the judgment is vacated, and the matter is remanded for further proceedings.

## I.    Background

On 13 September 2021, Defendant was indicted for felony fleeing to elude arrest with a motor vehicle.  Defendant entered a plea arrangement with the State on 23 August 2022, which stated, "Defendant will plea as charged to Felony Flee/Elude Arrest w/ a Motor Vehicle and receive a suspended sentence in the presumptive range."  At Defendant's plea hearing, the trial court questioned Defendant, in relevant part, as follows:

> THE COURT:  Are you pleading guilty as a result of a plea bargain or plea arrangement?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  And that says, Defendant will plead guilty as charged to felony fee to elude arrest with a motor vehicle, receive a suspended sentence in the presumptive range.
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Is that correct as being your full plea arrangement?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Do you now personally accept that arrangement?
>
> THE DEFENDANT:  Yes, sir.

The trial court accepted the plea arrangement, then announced:

> THE COURT:  Class H felony, zero points, prior record level one.  A presumptive sentence, presumptive sentence of 6 to 17, 6 to 17 months, suspended.  Special supervised probation for 24 months, 24 months on these conditions.  That he pay the cost, that he pay the costs, that he serve a split sentence of 30 days, 30 days in the Cabarrus County jail, pay fees for that.

Comply with all the regular conditions of probation. Surrender his driver's license pursuant to this felony fleeing to elude arrest conviction. And the case will transfer to Mecklenburg County for supervision.

Defense Counsel immediately sought clarification that the trial court intended to impose 24 months of probation with a 30-day split sentence and the trial court confirmed that it did. The following exchange then took place:

> [DEFENSE COUNSEL]: Our understanding of what the agreement was with the State was just plead to supervised.
>
> THE COURT: Wasn't on here. I looked. There's nothing tieing (sic) my hands. I could have given a longer split than that. That's the sentence.
>
> [THE STATE]: Your Honor, the agreement was for --
>
> [DEFENSE COUNSEL]: It's for a suspended sentence.
>
> THE COURT: It is, I gave him a suspended. I gave him a 24-month suspended sentence. Did I not? Did I give him a suspended sentence?
>
> THE CLERK: Yes, sir.
>
> THE COURT: I thought I did.
>
> [DEFENSE COUNSEL]: I'd ask to strike the plea, Your Honor?
>
> THE COURT: Denied.

After a brief discussion with the clerk, the trial court announced that "[t]he 30-day split is effective now" and that any credit for pretrial incarceration "can go towards . . . the suspended sentence when it's activated."[1]

---

[1] The trial court misspoke here as any credit for pretrial incarceration would go towards the suspended sentence *if* the sentence is activated. We do not presume that a defendant will violate probation.

Based on Defendant's prior record level of one, the trial court entered written judgment imposing a sentence of 6 to 17 months' imprisonment, suspended subject to 24 months' supervised probation. In addition, the judgment imposed an active sentence of 30 days in the county sheriff's custody as a special condition of probation. Defendant appealed.

## II. Discussion

Defendant argues that the trial court violated N.C. Gen. Stat. § 15A-1024 when it denied Defendant's motion to withdraw his guilty plea after the trial court accepted the plea and subsequently announced that it would impose a sentence other than the one agreed to by the State and Defendant in the plea arrangement.

"Whether a trial court violated a statutory mandate is a question of law, subject to de novo review on appeal." *State v. Hood*, 273 N.C. App. 348, 351, 848 S.E.2d 515, 518 (2020) (citation omitted).

The State and a defendant may agree to a plea arrangement wherein the prosecutor agrees to recommend a particular sentence in exchange for the defendant's guilty plea. *See* N.C. Gen. Stat. § 15A-1021(a) (2022). A plea arrangement is contractual in nature but differs from an ordinary commercial contract "as it involves the waiver of fundamental constitutional rights, including the right to a jury trial." *State v. Wentz*, 284 N.C. App. 736, 739, 876 S.E.2d 814, 816-17 (2022) (citations omitted). Because a plea arrangement involves the waiver of fundamental constitutional rights, when the trial court accepts a defendant's plea pursuant to a

plea arrangement, "the right to due process and basic contract principles require strict adherence" to the terms of the arrangement. *Id.* at 740, 876 S.E.2d at 817 (citation omitted).

"Before accepting a plea pursuant to a plea arrangement in which the prosecutor has agreed to recommend a particular sentence, the judge must advise the parties whether he approves the arrangement and will dispose of the case accordingly." N.C. Gen. Stat. § 15A-1023(b) (2022).

> If at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.

*Id.* § 15A-1024 (2022). "Under the express provisions of this statute a defendant is entitled to withdraw his plea and as a matter of right have his case continued until the next term." *State v. Williams*, 291 N.C. 442, 446-47, 230 S.E.2d 515, 518 (1976). "[A]ny change by the trial judge in the sentence that was agreed upon by the defendant and the State . . . requires the judge to give the defendant an opportunity to withdraw his guilty plea." *State v. Marsh*, 265 N.C. App. 652, 655, 829 S.E.2d 245, 247 (2019) (emphasis omitted).

Here, Defendant entered a plea arrangement with the State wherein the prosecutor agreed to recommend that Defendant "receive a suspended sentence in the presumptive range" in exchange for Defendant's guilty plea. The trial court accepted

Defendant's guilty plea and, pursuant to the arrangement, entered a suspended sentence within the presumptive range for the offense and Defendant's prior record level. However, the trial court imposed an additional active sentence of 30 days in the county sheriff's custody as a special condition of probation. This additional sentence deviates from the sentence that was agreed upon by Defendant and the State; thus, Defendant was entitled to withdraw his plea and have his case continued until the next term. *See id.; Williams*, 291 N.C. at 446-47, 230 S.E.2d at 518.

The trial court's justification for the sentence it imposed was that supervised probation "[w]asn't on [the arrangement]. I looked. There's nothing tieing (sic) my hands. I could have given a longer split than that. That's the sentence." This justification misconstrues the meaning of "strict adherence." Our courts have held that strict adherence to plea arrangements means giving the defendant what they bargained for. *See, e.g., State v. Carriker*, 180 N.C. App. 470, 471, 637 S.E.2d 557, 558 (2006) (vacating sentence where the trial court required defendant to surrender her nursing license, which was not contemplated in defendant's plea arrangement); *State v. Wall*, 167 N.C. App. 312, 317, 605 S.E.2d 205, 209 (2004) (vacating sentence where trial court entered a shorter sentence than agreed upon by the parties); *Marsh*, 265 N.C. App. at 656, 829 S.E.2d at 248 (vacating sentence where trial court imposed two concurrent sentences when the plea arrangement recommended only one).

To the extent the terms of the arrangement—including whether the parties had agreed to the imposition of a special condition of probation—were unclear, the

trial court should have sought clarification from the parties rather than impose a sentence it decided was appropriate. This is especially true as both the State and Defendant objected to the trial court's understanding of the arrangement.

Accordingly, because the sentence imposed by the trial court deviates from the sentence that was agreed upon by Defendant and the State, the trial court erred by denying Defendant's motion to withdraw his guilty plea.

### III.    Conclusion

Because the trial court erred by denying Defendant's motion to withdraw his guilty plea, the judgment is vacated, and the matter is remanded for further proceedings.

VACATED AND REMANDED.

Judges ZACHARY and RIGGS concur.