STATE OF NORTH CAROLINA v. ELIZABETH PAIGE McMAHAN

No. COA05-211

(Filed 15 November 2005)

**Sentencing— aggravating factors—failure to submit to jury— *Blakely* error**

The trial court erred by activating defendant's suspended sentences arising from embezzlement convictions when those sentences were unconstitutionally aggravated in violation of *Blakely v. Washington*, U.S. (2004), without defendant's stipulation or submission to and finding by the jury beyond a reasonable doubt, and the case is remanded for a new sentencing hearing. N.C. Gen. Stat. § 15A-1446(d)(18) permits a review of sentencing errors even though the defendant failed to object at trial.

Appeal by defendant from judgments entered 6 August 2004 by Judge Susan C. Taylor in Cabarrus County Superior Court. Heard in the Court of Appeals 19 October 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Diane Martin Pomper, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Matthew D. Wunsche, for defendant-appellant.*

TYSON, Judge.

Elizabeth Paige McMahan ("defendant") appeals from judgments entered revoking her probation and activating her suspended sentences. We vacate and remand for a new sentencing hearing.

I. Background

Defendant was originally charged with twenty-eight counts of embezzlement. On 8 August 2003, defendant pled guilty to four consolidated counts of embezzlement, a Class H felony, pursuant to a plea agreement with the State in Guilford County.

The trial court sentenced defendant in the aggravated range to ten to twelve months incarceration on each of the four counts to run consecutively. The trial court found as an aggravating factor that "the offense involved the actual taking of property of great monetary value." This factor was not submitted to or found by a jury. The trial

court also found as a mitigating factor that defendant had "accepted responsibility for the defendant's criminal conduct." The trial court suspended each active prison sentence and imposed thirty-six months intensive supervised probation.

On 8 March 2004, Probation Officer John L. Andrews issued probation violation reports alleging defendant: (1) had not completed her community service and failed to report to her community service supervisor; (2) had been away from home at times she was required to be home; (3) had failed to make some restitution payments; (4) was $210.00 in arrears on her supervision fee; and (5) had failed to obtain and retain employment.

A probation revocation hearing was held on 2 August 2004. Defendant admitted violating the terms of her probation but denied and contested the willfulness of the violations. The trial court found that defendant had willfully violated the terms and conditions of her probation, revoked defendant's probation, and activated her suspended sentences. Defendant appeals.

## II. Issue

The issue on appeal is whether the trial court erred by activating defendant's suspended sentences where those sentences were unconstitutionally aggravated in violation of the United States Supreme Court's decision *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004).

## III. Failure to Preserve and Waiver

The State contends defendant failed to preserve this issue for our review by her failure to object to the trial court's judgments imposing an aggravated sentence upon the revocation of her probation. N.C.R. App. P. 10(b)(1) (2004) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion . . . .").

"*Blakely* errors arising under North Carolina's Structured Sentencing Act are structural and, therefore, reversible per se." *State v. Allen*, 359 N.C. 425, 444, 615 S.E.2d 256, 269 (2005). "Structural error is a rare form of constitutional error resulting from a 'defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.' " *Id.* at 441, 615 S.E.2d at 267 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310, 113 L. Ed. 2d 302, 337 (1991)). "Structural errors are said to 'defy' harmless error

review because they are 'so intrinsically harmful as to require automatic reversal (i.e., 'affect substantial rights') without regard to their effect on the outcome.' " *Id.* (quoting *Neder v. United States*, 527 U.S. 1, 7, 144 L. Ed. 2d 35, 46 (1999)). Generally, constitutional errors must be "raised and passed upon" at trial to be preserved for appellate review. *State v. Watts*, 357 N.C. 366, 372, 584 S.E.2d 740, 745 (2003), *cert. denied*, 541 U.S. 944, 158 L. Ed. 2d 370 (2004). Our Supreme Court has held that "[s]tructural error, no less than other constitutional error, should be preserved at trial." *State v. Garcia*, 358 N.C. 382, 410, 597 S.E.2d 724, 745 (2004) (citing *State v. Roache*, 358 N.C. 243, 595 S.E.2d 381 (2004)).

We consider defendant's assignment of error under N.C. Gen. Stat. § 15A-1446, which provides:

> (d) Errors based upon any of the following grounds, which are asserted to have occurred, may be the subject of appellate review even though no objection, exception or motion has been made in the trial division.
>
> . . . .
>
> (18) The sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, *or is otherwise invalid as a matter of law.*

N.C. Gen. Stat. § 15A-1446(d)(18) (2003) (emphasis supplied). This statute permits a review of sentencing errors even though the defendant failed to object at trial. *State v. Reynolds*, 161 N.C. App. 144, 149, 587 S.E.2d 456, 460 (2003). This argument is overruled.

### IV. Consent

The State also contends defendant consented to the entry of the enhanced sentences. We disagree.

"[N]othing prevents a defendant from waiving his *Apprendi* rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial fact finding." *Blakely*, 542 U.S. at 310, 159 L. Ed. 2d at 417-18. The record filed in this appeal contains neither the plea transcript nor the trial court's findings of aggravation and mitigation on file with the Guilford County Clerk of Superior Court. We take judicial notice of the plea transcript and the trial court's findings of aggravation and mitigation and amend the record to include these documents *ex mero moto. West v. G. D.*

*Reddick, Inc.*, 302 N.C. 201, 203, 274 S.E.2d 221, 223 (1981) (The device of judicial notice is available to an appellate court "on any occasion where the existence of a particular fact is important."); N.C.R. App. P. 9(b)(5) (2004) ("On motion of any party or on its own initiative, the appellate court may order additional portions of a trial court record or transcript sent up and added to the record on appeal."). The plea transcript states as follows:

> Defendant's 28 counts of embezzlement will be consolidated for judgment into four class "H" felonies, to run consecutively. The sentences will be suspended on the condition that she will be placed on intensive supervised probation with the further special condition that she will pay restitution in the total amount of $15,000.00. $1,500.00 of this should be paid by bank check up [sic] the acceptance of this plea and the balance of $13,500.00 will be paid un [sic] supervision of probation.

The record as amended does not indicate defendant stipulated to the relevant facts or consented to judicial fact finding of aggravating factors. This argument is overruled.

## V. Activation of Defendant's Suspended Sentences

Defendant argues that the trial erred in activating her suspended sentences where those sentences were unconstitutionally aggravated. We agree.

In *Apprendi v. New Jersey*, the United States Supreme Court ruled that a sentence enhancement imposed by the trial court violated the Fourteenth Amendment to the United States Constitution. 530 U.S. 466, 147 L. Ed. 2d 435 (2000). The Court held that the Fourteenth Amendment requires states to submit to a jury and prove beyond a reasonable doubt any fact, other than a prior conviction, which increases the maximum penalty for the crime charged. *Id.* at 476, 147 L. Ed. 2d at 446.

In June 2004, the United States Supreme Court reaffirmed *Apprendi* in *Blakely*, 542 U.S. 296, 159 L. Ed. 2d 403, and defined "statutory maximum."

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant* . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding addi-

tional facts, but the maximum he may impose *without* any additional findings.

*Id.* at 303, 159 L. Ed. 2d at 413-14 (citations omitted). In *Allen,* our Supreme Court applied the United States Supreme Court's decision in *Blakely* to the North Carolina Structured Sentencing Act. 359 N.C. at 438-39, 615 S.E.2d at 265.

Here, the trial court sentenced defendant to four consecutive aggravated terms of ten to twelve months incarceration on 8 August 2003. The aggravating factors were not submitted to or found by a jury, and were not stipulated to by defendant in her plea agreement. The trial court suspended defendant's sentences and imposed thirty-six months intensive supervised probation. At the probation revocation hearing, the trial court revoked defendant's probation and activated the aggravated sentences as "originally ordered." Defendant filed her notice of appeal in August 2004.

Our Supreme Court's opinions in *Allen* and *Speight* were certified on 1 July 2005. In *Allen,* our Supreme Court stated its holding applies to cases " 'in which the defendants have not been indicted as of the certification date of this opinion *and to cases that are now pending on direct review or are not yet final.*' " *Allen,* 359 N.C. at 450, 615 S.E.2d at 272 (emphasis supplied) (quoting *State v. Lucas,* 353 N.C. 568, 598, 548 S.E.2d 712, 732 (2001)). Our Supreme Court later stated in *State v. Speight,* that the "rationale in *Allen* applies to all cases in which (1) a defendant is constitutionally entitled to a jury trial, and (2) a trial court has found one or more aggravating factors and increased a defendant's sentence beyond the presumptive range without submitting the aggravating factors to a jury." 359 N.C. 602, 606, 614 S.E.2d 262, 264 (2005). The holdings in *Allen* and *Speight* apply here because defendant's assignment of sentencing error was pending on appeal on the date the *Allen* and *Speight* opinions were certified.

The trial court erred in activating sentences in the aggravated range without defendant's stipulation or submission of the aggravating factors to a jury to be proven beyond a reasonable doubt. *Allen,* 359 N.C. at 437, 615 S.E.2d at 265; *Speight,* 359 N.C. at 606, 614 S.E.2d at 264.

## VI. Conclusion

The trial court erred in activating defendant's aggravated sentences that were imposed without defendant's stipulation or submis-

sion to and finding by the jury beyond a reasonable doubt. We vacate the trial court's judgments and remand for a new sentencing hearing consistent with our Supreme Court's decision in *Allen*, 359 N.C. 425, 615 S.E.2d 256, and *Speight*, 359 N.C. 602, 614 S.E.2d 262.

Vacated and Remanded for New Sentencing Hearing.

Judges JACKSON and JOHN concur.