STATE OF NORTH CAROLINA v. THOMAS SELLERS[1]

No. COA07-170

(Filed 4 September 2007)

**Probation and Parole— revocation—admission of violation— through counsel**

There is no requirement that the court personally examine defendants about their admissions of probation violations. Here, the trial court did not err by revoking defendant's probation where he received notice of the alleged violations, a hearing was held, defendant admitted through counsel two of the violations contained in the violation report, the court heard from the probation officer, and defendant then addressed the court.

Appeal by defendant from judgment entered 14 September 2006 by Judge Beverly T. Beal in Superior Court, Mecklenburg County. Heard in the Court of Appeals 27 August 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Charlene Bell Richardson, for the State.*

*Robin E. Strickland for defendant-appellant.*

———————

1. We note that in the 14 September 2006 judgment revoking his probation, which he appeals to this Court, Defendant is identified as "Thomas Sellers." However, in the original, 11 January 2006 judgment imposed against him and suspending his sentence, he is identified as "Thomas Thurlow Sellers, Jr."

WYNN, Judge.

In North Carolina, a probation revocation hearing is not a formal trial and, as such, due process does not require that the trial court personally examine a defendant regarding his admission that he violated his probation.[2] Here, Defendant Thomas Sellers contends that activation of his prison sentence was in error because he did not waive a violation hearing nor did he personally admit he had violated the conditions of his probation. Because we find that a hearing was held and that Defendant's admission through counsel that he had violated his probation conditions was sufficient to meet due process, we affirm the activation of his sentence.

On 11 January 2006, Defendant pled guilty to common law robbery and was sentenced to a term of fourteen to, seventeen months' imprisonment. The trial court suspended Defendant's sentence and placed him on supervised probation for thirty-six months.

On 15 May 2006, a probation violation report was filed, alleging that Defendant (1) had tested positive for marijuana, and (2) was in arrears on his court and supervision fees. On 21 June 2006, the trial court modified Defendant's probation and required him to participate in a "structured day program" for six to twelve months.

Nevertheless, on 24 August 2006, another probation violation report was filed, asserting that Defendant had: (1) tested positive for marijuana on five different occasions; (2) violated his curfew on two occasions; (3) violated the rules of the structured day program by threatening to harm a staff member and by making sexually inappropriate remarks; and (4) failed to attend the GED program.

The trial court held a probation violation hearing in Mecklenburg County Superior Court on 13 and 14 September 2006. Defendant, through counsel, admitted to the first and second violations alleged in the report but denied the third and fourth allegations. The trial court also heard from Defendant's probation officer regarding the alleged violations. Defendant then addressed the court, admitted that he uses drugs, and apologized for "whatever I did in Structured Day Program." The trial court found that Defendant willfully violated the terms of his probation, revoked Defendant's probation and activated his suspended sentence.

---

2. *See State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 479 (1967) ("Proceedings to revoke probation are often regarded as informal or summary.").

Defendant now appeals, arguing that the trial court erred by finding that he waived the probation violation hearing and admitted to violating his probation. Defendant contends that the trial court relied on the assertions of his counsel and failed to make an adequate personal inquiry regarding his waiver and admissions. Defendant argues that these decisions were personal decisions, akin to pleading guilty, that cannot be made without his consent, and that he was prejudiced by deprivation of his due process and statutory rights. We disagree.

"A proceeding to revoke probation is not a criminal prosecution, and we have no statute in this State requiring a formal trial in such a proceeding. Proceedings to revoke probation are often regarded as informal or summary." *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 479 (1967). The "minimum requirements of due process in a final probation revocation hearing" require:

(1) a written notice of the conditions allegedly violated;

(2) a court hearing on the violation(s) including:

(a) a disclosure of the evidence against him, or,

(b) a waiver of the presentation of the State's evidence by an in-court admission of the willful or without lawful excuse violation as contained in the written notice (or report) of violation,

(c) an opportunity to be heard in person and to present witnesses and evidence,

(d) the right to cross-examine adverse witnesses;

(3) a written judgment by the judge which shall contain

(a) findings of fact as to the evidence relied on,

(b) reasons for revoking probation.

*State v. Williamson*, 61 N.C. App. 531, 533-34, 301 S.E.2d 423, 425 (1983) (citations omitted).

Here, Defendant received notice of his alleged probation violations, and a hearing was held. Defendant admitted to the first two violations contained in the probation violation report. Unlike when a defendant pleads guilty, there is no requirement that the trial court

STATE v. SELLERS

[185 N.C. App. 726 (2007)]

personally examine a defendant regarding his admission that he violated his probation. *Cf.* N.C. Gen. Stat. § 15A-1022 (2005). Therefore, we conclude there was no violation of Defendant's right to due process or any statutory violation. This assignment of error is accordingly overruled.

Defendant's remaining assignments of error have not been brought forth in his brief, and they are thus deemed abandoned. N.C. R. App. P. 28(b)(6).

Affirmed.

Judges BRYANT and ELMORE concur.