STATE OF NORTH CAROLINA
v.
STEPHEN LAMAR AMOS, Defendant.
No. COA08-1540
Court of Appeals of North Carolina.
Filed November 3, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Catherine F. Jordan, for the State.
Daniel J. Clifton, for defendant-appellant.
STROUD, Judge.
Defendant appeals the revocation of his probation. For the following reasons, we find no error, but remand for correction of a clerical error.

I. Background
The State's evidence tended to show that on or about 6 August 2007 defendant, a minor, was indicted for assault with a deadly weapon with intent to kill inflicting serious injury, possession of a handgun by a minor, and going armed to the terror of the people. Defendant pled guilty to the assault charge and the other two charges were dismissed. On or about 3 December 2007, defendant was sentenced to a minimum of 20 months and a maximum of 33 months imprisonment. Defendant's sentence was suspended, and he was placed on supervised probation for 36 months.
On 31 December 2007, Investigator Antonio Gill was investigating a murder in which defendant was involved. Investigator Gill read defendant his "juvenile rights[,]" which defendant waived by signing a "juvenile rights waiver form."[1] Defendant then provided both a handwritten statement and an oral statement recorded by videotape.[2]
On or about 28 April 2008, a violation report was filed alleging defendant had violated condition number fourteen of his probation. Condition number fourteen required that defendant not
use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it; not knowingly associate with any known or previously convicted users, possessors or sellers of any illegal drugs or controlled substances; and not knowingly be present at or frequent any place where illegal drugs or controlled substances are sold, kept, or used. The violation report provided that "defendant gave a statement to police in which he indicated his attempt to purchase marijuana on 12/31/07."
On or about 30 June 2008, defendant's probation was revoked. Defendant appeals. For the following reasons, we find no error.

II. Probation Revocation Hearing
As described in defendant's brief,
defendant gave a statement to police in which he purportedly admitted that he had planned to rob a local marijuana dealer. The pretext he used was to approach the marijuana dealer as if he was going to buy marijuana from him. [Defendant] never bought any marijuana. Apparently as a result of this attempted robbery the marijuana dealer ended up dead.
Defendant was charged with robbery and murder of the marijuana dealer.[3]
Defendant's probation violation report was based only upon defendant's association "with any known ... users, possessors or sellers of any illegal drugs or controlled substances" or defendant's presence "at . . . any place where illegal drugs or controlled substances are sold, kept or used." The probation violation report was not based upon any allegation that defendant had attempted to rob or kill anyone or that he was charged with any crime in this regard.
At the probation violation hearing, defendant's counsel informed the trial court that defendant had filed a motion to suppress[4] the 31 December 2007 statement in his murder case and made a motion to dismiss the probation violation, claiming that it should not be heard until after the motion to suppress was heard in the murder case. The trial court denied the motion to dismiss the probation violation, and although defendant assigned the denial of the motion to dismiss as error, he abandoned this assignment of error on appeal, as he failed to argue it in his brief. See N.C. App. P. R. 26(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.")
Defendant's arguments on appeal are quite confusing. Defendant conflates issues as to his probation revocation hearing and the separate murder charge against him which was pending at the time of his probation revocation hearing, so we will attempt to identify defendant's arguments as to the probation violation hearing only. Defendant's arguments are generally based upon (1) admission of the statement which he gave on 31 December 2007 and (2) whether the State met its burden of proof to show the probation violation. However, defendant also presents various arguments regarding (3) his constitutional right against self-incrimination, his constitutional right to counsel, and waiver of his constitutional rights. Overall, it appears that defendant's convoluted arguments regarding his constitutional rights center around the idea that defendant's probation violation hearing did not comport with due process; accordingly, we consider this issue.

A. Admission of Defendant's Statement
Although defendant did object to use of the statement before the trial court, the grounds for the objections are not entirely clear. During the hearing, when the State sought to introduce defendant's statement through Investigator Gill, the defendant objected, on the basis that "[defendant] was in custody; it hasn't been established why he was in custody. It hasn't been established whether this is a knowing or voluntary waiver or any of the things that would indicate sufficiency for reliability of the statement." The trial court overruled the objection, and then Investigator Gill testified as to defendant's juvenile rights waiver form and how defendant signed the form and waived his juvenile rights.
The State concedes that defendant was in custody on 31 December 2007. Investigator Gill testified that he advised defendant as to his juvenile rights, and defendant waived his rights and signed the form indicating his waiver. Defendant did not argue before the trial court, nor does he argue on appeal, that the State did not fully comply with N.C. Gen. Stat. § 7B-2101 regarding the interrogation of juveniles. We are therefore unable to discern in what manner defendant claims that the trial court's admission of his statement was error in this probation violation hearing.

B. State's Burden of Proof
Defendant also argues that the State failed to carry its burden of proving that defendant committed a willful violation of his probation. Defendant claims that his statement would prove only that he was trying to rob "the alleged victim, who [he] believed to be a seller of marijuana" but not that he was knowingly associating with the marijuana dealer. Defendant claims that
[t]he purpose of a robbery is to take something from a person, in this case apparently money. To associate with someone has connotations of joining with them to do something together. The kind of relationship indicated by a robbery is diametrically opposed to that of an association. . . . This is why defense counsel emphasized throughout the probation revocation hearing that the defendant's statement indicated a purpose of robbing the individual in question, not associating with him.
Even if we were to accept defendant's creative argument that robbing the victim, known to defendant as "weedman," was not a form of "association" with a known drug dealer, the evidence is clear that defendant was knowingly present at a "place where illegal drugs or controlled substances are sold, kept or used." Defendant's statement was, in part,
I was going to buy weed when I met up with John. We walked up the street where the weedman was. I gave him four dollars for a blunt and he showed me a bag of weed, so I smelled it and it was not what I thought it was. Trying to get that is what I told the weedman. So he said, `I got some AZ in the house.'
(Quotation marks omitted.) Clearly defendant's statement would satisfy the State's burden of proof to show that defendant was "knowingly ... present at ... any place where illegal drugs or controlled substances are sold, kept or used." This argument is overruled.

C. Due Process
"[I]n a probation revocation, the standard is that the evidence be such as to reasonably satisfy the trial court in the exercise of its sound discretion that the defendant has willfully violated a valid condition of probation." State v. Harris, 361 N.C. 400, 404, 646 S.E.2d 526, 529 (2007) (citation, quotation marks, and brackets omitted).
The minimum requirements of due process in a final probation revocation hearing require:
(1) a written notice of the conditions allegedly violated;
(2) a court hearing on the violation(s) including:
(a) a disclosure of the evidence against him, or,
(b) a waiver of the presentation of the State's evidence by an in-court admission of the willful or without lawful excuse violation as contained in the written notice (or report) of violation,
(c) an opportunity to be heard in person and to present witnesses and evidence,
(d) the right to cross-examine adverse witnesses;
(3) a written judgment by the judge which shall contain
(a) findings of fact as to the evidence relied on,
(b) reasons for revoking probation.
State v. Sellers, 185 N.C. App. 726, 728, 649 S.E.2d 656, 657 (2007) (citation and quotation marks omitted).
The violation report upon which defendant's probation revocation hearing was based was signed by defendant on or about 28 November 2008. Defendant signed directly under the portion that read, "I have received a copy of this Violation Report and understand its contents and that I must appear in Court as directed by my Probation/Parole Officer." Thus, the violation report provided defendant with "a written notice of the conditions allegedly violated[.]" Id. On 30 June 2008, defendant's probation revocation hearing began.
Defendant's attorney was present for all of the evidence the State presented against defendant which included two witnesses, State's exhibit 1 which consisted of a juvenile rights waiver form and defendant's written statement, and the violation report. Accordingly, defendant's hearing included "a disclosure of the evidence against him[.]" Id. Defendant did not waive "the presentation of the State's evidence[,]" but instead was afforded "an opportunity to be heard in person and to present witnesses and evidence . . . [and] the right to cross-examine adverse witnesses[.]" Id. Defendant chose not to present witnesses or evidence, but his attorney was "heard in person" and did "cross-examine adverse witnesses[.]" Id.
Although defendant did not assign error to this issue, there is a typographical error in the trial court's judgment which needs correction. In the trial court's "Judgment and Commitment Upon Revocation of Probation," (original in all caps), which was on a standard form, AOC-CR-607 Rev. 3/07, the trial court found:
1. The defendant is charged with having, violated specified conditions of the defendant's probation as alleged in the:
a. Violation Report(s) on file herein, which is incorporated by reference.
2. Upon due notice or wavier of notice . . .
b. the defendant waived a violation hearing and admitted that the defendant violated each of the conditions of the defendant's probation as set forth below.

3. The condition(s) violated and the facts of each violation are as set forth . . .
a. In paragraph(s) . . . in the Violation Report or Notice dated 04/28/08.
(Emphasis added.)
Thus, though the trial court satisfied due process with its findings, see id., it incorrectly made a finding that the defendant had admitted the probation violation and waived the probation violation hearing. The record clearly indicates that defendant did not admit the violation, a hearing was held, and that the trial court found that defendant had violated condition fourteen of his probation as alleged on the violation report. It is apparent that the trial court should have checked subsection (a) of paragraph 2, which states that "a hearing was held before the Court and, by the evidence presented, the Court is reasonably satisfied in its discretion that the defendant violated each of the conditions of the defendant's probation as set forth below."
When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth. A clerical error is an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination.
State v. Lark, ___ N.C. App. ___, 678 S.E.2d 693, 702 (2009) (citations, quotation marks, and brackets omitted). We therefore remand to the trial court for correction of the clerical error on the "Judgment and Commitment Upon Revocation of Probation" (original in all caps).

III. Conclusion
We conclude that the trial court did not err in revoking defendant's probation, but remand for correction of the clerical error.
No ERROR; REMANDED FOR CORRECTION OF CLERICAL ERROR.
Judges WYNN and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] The "juvenile rights waiver form" was admitted as evidence during the probation violation hearing as State's exhibit 1. State's exhibit 1 is not a part of our record, and thus we must assume that it complied with N.C. Gen. Stat. § 7B-2101 as no arguments have been made regarding this form.
[2] Defendant's handwritten statement was also admitted into evidence as State's exhibit 1 but was not included in the record on appeal. Thus, the facts in this opinion regarding the content of defendant's statement are based solely upon the transcript of the probation violation hearing and the violation report.
[3] The record before us fails to include any documents regarding defendant's robbery or murder charges. However, it is obvious from the transcript that defendant's "pending murder case" is for the death of "the marijuana dealer [who] ended up dead."
[4] The motion to suppress is not in our record and was not submitted to the trial court.