STATE OF NORTH CAROLINA v. DANIEL WAYNE CLEARY

No. COA10-1324

(Filed 5 July 2011)

**Probation and Parole— rejection of negotiated plea—motion to continue denied—no abuse of discretion**

The trial court did not abuse its discretion in a breaking and entering a vehicle, misdemeanor larceny, injury to personal property, possession of a firearm by a felon, and carrying a concealed gun case by denying defendant a continuance as to the probationary matters upon rejection of the negotiated plea arrangement. N.C.G.S. § 15A-1023(b) applies only to criminal prosecutions and not to probation revocation proceedings.

Appeal by Defendant from judgments entered 3 August 2010 by Judge W. Douglas Albright in Wilkes County Superior Court. Heard in the Court of Appeals 24 March 2011.

*Roy Cooper, Attorney General, by Kathleen N. Bolton, Assistant Attorney General, for the State.*

*Edward Eldred, Attorney at Law, PLLC, by Edward Eldred, for Defendant.*

THIGPEN, Judge.

The trial court rejected the transcript of plea of Daniel Wayne Cleary ("Defendant"), which had been signed by the prosecutor, the defense counsel, and Defendant. After rejecting the plea, the trial court then denied Defendant's motion to continue the probationary matters. We must determine whether Defendant had the right to a continuance of the probationary matters pursuant to N.C. Gen. Stat. § 15A-1023(b) (2009). We conclude he did not and the trial court did not err by holding N.C. Gen. Stat. § 15A-1023(b) does not apply to probationary matters.

I: Factual and Procedural History

The evidence of record tends to show that on 14 January 2009, Defendant was sentenced to two consecutive 24 month periods of supervised probation after Defendant's guilty plea to two class H felonies (08 CRS 54353).

On 22 May 2010, while on probation, Defendant ingested ten valium pills; then, Defendant broke into and damaged several vehicles. Defendant also took various items from the vehicles, including, but not limited to, sunglasses, a radar detector, and jumper cables. At the time, Defendant was carrying a pistol in his waistband.

On 23, 24 and 27 May 2010, warrants for Defendant's arrest were issued on six counts of breaking and entering, one count of felonious larceny, two counts of misdemeanor larceny, three counts of injury to personal property, two counts of larceny after breaking and entering, one count of possession of a firearm by a felon, and one count of carrying a concealed weapon.

On 2 June 2010, two probation violation reports were filed against Defendant, alleging Defendant was in violation of curfew on 22 May 2010 and had not made all required payments. The violation report stated, "ON 5/22/10, THE DEFENDANT WAS CHARGED WITH 8 FELONIES WHILE IN VIOLATION OF CURFEW[,]" and Defendant's "ORIGINAL OBLIGATION WAS $490. . . . THE AMOUNT PAID IS $80[.]"

On 26 July 2010, Defendant was indicted on four counts of breaking and entering a vehicle, three counts of misdemeanor larceny, one count of injury to personal property, one count of possession of a firearm by a felon, and one count of carrying a concealed gun.

On 3 August 2010, Defendant and defense counsel signed waivers of indictments on bills of information charging nine additional charges arising out of the events of 22 May 2010, specifically, five additional counts of breaking and entering, two additional counts of misdemeanor larceny, and two additional counts of injury to personal property.

On 3 August 2010, the trial court conducted a hearing, at which the prosecutor presented the court with a transcript of plea signed by Defendant, defense counsel, and the prosecutor. The parties had agreed that Defendant would be continued on probation in 08 CRS 54353 and plead guilty to seventeen of the nineteen additional charges. Two of the injury to personal property charges would be dismissed, and the seventeen charges would be consolidated into one class G felony and one class I felony. Defendant would receive an intermediate sentence for the foregoing charges, to run consecutively, at the expiration of his probationary sentence in 08 CRS 54353. Defendant affirmed that he was "in fact guilty of each charge [to] which [he] pled guilty[.]"

The trial court did not approve the plea arrangement and stated reasons for not doing so. Defense counsel then moved for a continuance to the next term of Superior Court on the ground that the trial court rejected the plea arrangement. The court denied the motion in part, stating, "[the] [p]robation matter will not be continued."

Later the same day, after a brief recess, defense counsel presented a second plea transcript, but "specifically reserve[ed] the right to appeal the denial of the defendant's motion to continue these cases and the probation cases in 08 CRS 54353 following the Court's rejection of the Defendant's original transcript of pleas[.]"

On 3 August 2010, the trial court entered judgments sentencing Defendant to two consecutive eight to ten months terms of incarceration, sixty months of supervised probation upon Defendant's release from incarceration, and total restitution in the amount of $994.50. From this judgment, Defendant appeals.

## II: Standard of Review

Defendant's sole argument on appeal is that the trial court erred by denying Defendant a continuance as to the probationary matters upon rejection of the negotiated plea arrangement. We disagree.

"Absent a specific statutory provision, a ruling by the trial court on a motion to continue is within the sound discretion of the trial court and reviewable upon appeal only for abuse of discretion." *State v. Daniels*, 164 N.C. App. 558, 562, 596 S.E.2d 256, 258 (quotation omitted), *disc. review denied*, 359 N.C. 71, 604 S.E.2d 918 (2004).

## III: N.C. Gen. Stat. § 15A-1023(b)

N.C. Gen. Stat. § 15A-1023(b) grants Defendant the right to a continuance when a trial court "refuse[s] to accept a defendant's plea of guilty or no contest[,]" stating, in pertinent part, the following:

Before accepting a plea pursuant to a plea arrangement in which the prosecutor has agreed to recommend a particular sentence, the judge must advise the parties whether he approves the arrangement and will dispose of the case accordingly. If the judge rejects the arrangement, he must so inform the parties, refuse to accept the defendant's plea of *guilty or no contest*, and advise the defendant personally that neither the State nor the defendant is bound by the rejected arrangement. The judge must advise the parties of the reasons he rejected the arrangement and afford them an opportunity to modify the arrangement accordingly.

Upon rejection of the plea arrangement by the judge the defendant is entitled to a continuance until the next session of court. . . . (Emphasis added)

N.C. Gen. Stat. § 15A-1023(b).

By virtue of the foregoing statutory language, "the legislature has clearly granted to the defendant . . . an absolute right [to a continuance] upon rejection of a proposed plea agreement at arraignment[,]" *State v. Tyndall*, 55 N.C. App. 57, 63, 284 S.E.2d 575, 578 (1981), when a trial court "refuse[s] to accept a defendant's plea of guilty or no contest[.]" N.C. Gen. Stat. § 15A-1023(b). However, this appeal asks the unique and heretofore unaddressed question of whether N.C. Gen. Stat. § 15A-1023(b) also applies to cases in which the court refuses to accept a plea in the context of a probation revocation proceeding, in which a defendant either "admits" or "denies" the allegations contained in the probation violation report. *State v. McMahan*, 174 N.C. App. 586, 587, 621 S.E.2d 319, 320-21 (2005), *rev'd on other grounds*, 361 N.C. 420, 646 S.E.2d 112 (2007) (stating that the "[d]efendant *admitted* violating the terms of her probation but *denied* and *contested* the willfulness of the violations") (Emphasis added).

### IV: Probation Violation Hearings

A probation violation hearing is not a synonymous proceeding to a criminal prosecution. "In North Carolina, a probation revocation hearing is not a formal trial and, as such, due process does not require that the trial court personally examine a defendant regarding his admission that he violated his probation." *State v. Sellers*, 185 N.C. App. 726, 727, 649 S.E.2d 656, 656 (2007) (Emphasis added); *see also State v. Duncan*, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967) (stating that a revocation of probation proceeding "is not a criminal prosecution" and no formal trial is required). However, due process does require the following at a hearing to consider a revocation of probation:

(1) a written notice of the conditions allegedly violated;

(2) a court hearing on the violation(s) including:

    (a) a disclosure of the evidence against him, or,

    (b) a waiver of the presentation of the State's evidence by an incourt admission of the willful or without lawful excuse violation as contained in the written notice (or report) of violation,

    (c) an opportunity to be heard in person and to present witnesses and evidence,

    (d) the right to cross-examine adverse witnesses;

  (3) a written judgment by the judge which shall contain

    (a) findings of fact as to the evidence relied on,

    (b) reasons for revoking probation.

*State v. Sellers*, 185 N.C. App. 726, 649 S.E.2d 656, 657 (2007). The foregoing notwithstanding, probation revocation proceedings are "often regarded as informal or summary" because "probation or suspension of sentence is an act of grace and not of right." *Duncan*, 270 N.C. at 246, 154 S.E.2d at 57.

> [Probation] was designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable. Probation is thus conferred as a privilege and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain.

*Burns v. United States*, 287 U.S. 216, 220, 77 L. Ed. 266, 268-69, 53 S. Ct. 154, 155 (1932). "Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt." *Duncan*, 270 N.C. at 245, 154 S.E.2d at 57. "[T]he rights of an offender in a proceeding to revoke his conditional liberty under probation or parole are not coextensive with the federal constitutional rights of one accused in a criminal prosecution." *Id.*, 270 N.C. at 246, 154 S.E.2d at 58 (quotation omitted); *see also State v. Sparks*, 362 N.C. 181, 187, 657 S.E.2d 655, 659 (2008) (stating that "[t]he rights of an offender in a proceeding to revoke his conditional liberty . . . are not coextensive with the . . . constitutional rights of one on trial in a criminal prosecution" and "while an individual facing the possibility of probation revocation is entitled to certain procedural protections such as the right to appear before a judge, no formal trial is required and strict rules of evidence do not apply") (quotation omitted). "While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice." *State v. Robinson*, 248 N.C. 282, 286, 103 S.E.2d 376, 379 (1958).

"It is a cardinal rule of statutory construction that the intent of the legislature controls the interpretation of statutes." *State v. Williams*, 291 N.C. 442, 445, 230 S.E.2d 515, 517 (1976) (citation omitted). "[W]hen the language of a statute is clear and unambiguous there is no room for judicial construction and the court must give the statute its plain and definite meaning without superimposing provisions or limitations not contained within the statute." *Id.*, 291 N.C. at 446, 230 S.E.2d at 517 (citation omitted). "Criminal statutes must be strictly construed." *State v. Green*, 348 N.C. 588, 596, 502 S.E.2d 819, 824 (1998), *cert. denied*, 525 U.S. 1111, 142 L. Ed. 2d 783, 119 S. Ct. 883 (1999).

## V: Analysis

In the present case, the trial court unequivocally rejected the plea agreement to continue Defendant on probation. Defense counsel then moved for a continuance, arguing that N.C. Gen. Stat. § 15A-1023(b) required the trial court to grant Defendant a continuance to the next term of Superior Court. The trial court stated that N.C. Gen. Stat. § 15A-1023(b) did not apply to probation proceedings, and denied defense counsel's motion to continue the hearing on Defendant's probation violations. However, we note that the trial court did not reject the motion to continue the substantive charges; rather, the court stated, "[t]he substantive charges can go over" to a future court date. Thereafter, defense counsel elected not to continue the substantive charges, but presented a newly prepared transcript of plea with regard to both the substantive charges and the probation violation reports.

On appeal, Defendant contends that the circumstances of this case are such that Defendant was entitled to a continuance as a matter of right pursuant to N.C. Gen. Stat. § 15A-1023(b). Defendant argues this case is indistinguishable from *State v. Tyndall*, 55 N.C. App. 57, 284 S.E.2d 575. In *Tyndall*, the following occurred at arraignment:

> The defendant and State . . . entered into a plea bargain arrangement on the morning defendant's trial was to begin. Both parties have stipulated on appeal that prior to jury selection, the trial judge informed the parties he was rejecting the plea arrangement. Defendant's attorney made an oral motion for a continuance, but it was denied.

*Tyndall*, 55 N.C. App. at 63, 284 S.E.2d at 578. The Court in *Tyndall* stated, "the legislature has clearly granted to the defendant such an absolute right [to a continuance] upon rejection of a proposed plea agreement at arraignment." *Id.* The Court then concluded that the

trial court committed prejudicial error by denying Defendant's motion to continue and granted Defendant a new trial.

Certainly, *Tyndall* stands for the legal proposition that in a criminal prosecution N.C. Gen. Stat. § 15A-1023(b) grants a defendant an absolute right to a continuance upon the rejection of a proposed plea agreement. However, *Tyndall* does not involve a hearing on a probation violation report and therefore is not controlling on the issue presented in this appeal. Therefore, we must determine whether N.C. Gen. Stat. § 15A-1023(b) applies to cases in which the court refuses to accept a plea in the context of a probation revocation proceeding, where a defendant either "admits" or "denies" the allegations contained in the probation violation report.

N.C. Gen. Stat. § 15A-1023(b) contains the language "defendant's plea of *guilty* or *no contest*[,]" (Emphasis added) which is language used in criminal prosecutions. In a hearing on a probation violation report, a defendant either "admits" or "denies" the allegations in the report. This Court's opinion in *Sellers* addressed the distinction our Court has made between cases involving "guilty or no contest" pleas and those involving probationary matters. In *Sellers*, this Court held that N.C. Gen. Stat. § 15A-1022, although a different statute than the one at issue here, but one that makes the same reference to pleas of "guilty or no contest," does not apply to a defendant's admission to violation of probation. *See Sellers*, 185 N.C. App. at 728-29, 649 S.E.2d at 657 (stating that "[u]nlike when a defendant pleads guilty, there is no requirement that the trial court personally examine a defendant regarding his admission that he violated his probation").

N.C. Gen. Stat. § 15A-1023(b) does not address the "admission" or "denial" of allegations in a probation violation report, but rather, speaks only of a defendant's plea of "guilty or no contest[.]" Because we are to "give the statute its plain and definite meaning[,]" *Williams*, 291 N.C. at 446, 230 S.E.2d at 517 (citation omitted), and because the nature of probation revocation proceedings is inherently different than that of criminal prosecutions, we believe the legislature intended that the statute apply only to criminal prosecutions and not to probation revocation proceedings. For the foregoing reasons, and in light of this Court's holding in *Sellers*, we conclude the trial court did not err by determining that N.C. Gen. Stat. § 15A-1023(b) does not require that the trial court continue a probationary matter.

NO ERROR.

Judges STROUD and HUNTER, JR. concur.