An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e    P r o c e d u r e .

NO. COA13-1391

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

   v.

BILLY EUGENE TAYLOR

Hoke County
No. 08 CRS 52552

Appeal by defendant from judgment entered 18 July 2013 by Judge Tanya T. Wallace in Hoke County Superior Court. Heard in the Court of Appeals 30 June 2014.

>*Attorney General Roy Cooper, by Assistant Attorney General Justin M. Hampton, for the State.*

>*Ryan McKaig for defendant-appellant.*

BRYANT, Judge.

Where defendant received notice of probation violation allegations, appeared at a probation hearing, and through counsel admitted to the violations alleged in the violation report, a subsequent revocation of defendant's probation does not violate due process.

On 15 September 2009, defendant pled guilty to a sex offender registration violation for failure to notify the sheriff of defendant's change of address, a class F felony. The court sentenced defendant to a minimum term of twenty months and a maximum term of twenty-four months. The court suspended the sentence and placed defendant on supervised probation for a period of thirty-six months. The court extended the term of probation by eighteen months on 3 December 2012 upon finding defendant violated terms or conditions of probation.

On 21 March 2013, defendant's probation officer filed a violation report averring defendant violated conditions requiring payment of money and abstinence from commission of criminal offenses. At the call of the violation report for hearing on 15 July 2013, defendant's attorney waived a formal reading of the violations and defendant admitted the violations were committed. After hearing arguments of counsel and statements by defendant's probation officer, the court found that the allegations of the violation report were true and correct beyond a reasonable doubt and that one of the violations was for conviction of a new criminal offense. The court directed activation of the sentence and placed defendant in the custody of the sheriff. Defendant appeals.

_____

In his sole argument on appeal, defendant contends the court erred by failing to make inquiry to determine whether defendant voluntarily and intelligently waived his right to a probation violation hearing. We disagree.

In *State v. Sellers*, 185 N.C. App. 726, 649 S.E.2d 656 (2007), this Court rejected the defendant's contention that the trial court erred in activating a sentence when the defendant did not personally waive a violation hearing or admit he violated a condition of probation. We stated:

> Defendant received notice of his alleged probation violations, and a hearing was held. Defendant admitted to the first two violations contained in the probation violation report. Unlike when a defendant pleads guilty, there is no requirement that the trial court personally examine a defendant regarding his admission that he violated his probation. . . . Therefore, we conclude there was no violation of [the] Defendant's right to due process or any statutory violation.

*Id.* at 728—29, 649 S.E.2d at 657—58 (citation omitted).

We are unable to materially distinguish the case at bar from *Sellers*. Here, defendant received notice of the violations, defendant's attorney admitted to commission of violations of probation at the call of the matter for hearing, and the court conducted a hearing at which the court heard

argument from counsel urging the court not to revoke defendant's probation. *See id.* at 727, 649 S.E.2d at 656 (finding that "a probation revocation hearing is not a formal trial and, as such, due process does not require that the trial court personally examine a defendant regarding his admission that he violated his probation."). Accordingly, the trial court did not err by failing to make personal inquiry of defendant.

Affirmed.

Judges STROUD and HUNTER, Robert N., Jr., concur.

Report per Rule 30(e).