BRYANT, Judge.
Defendant Sakinah Mone Smith[1] appeals from the judgments entered after she admitted to willfully violating her probation. Defendant contends the trial court erred by finding that she willfully absconded. We affirm.
On 24 July 2013, defendant pled guilty to four counts of obtaining property by false pretenses. Pursuant to a plea agreement, the trial court consolidated the convictions into two judgments imposing consecutive sentences of five to fifteen months in prison. The trial court then suspended the sentences and placed defendant on twenty-four months supervised probation.
On 12 December 2013, defendant's probation officer filed violation reports alleging: (1) defendant had left her home without notifying the officer; (2) defendant had admitted to the officer that she was in New York and would be traveling to Maryland without the officer's permission; and (3) defendant had committed the new offense of filing a false police report. A fourth allegation of monetary violations was also alleged in one of the reports.
On 15 July 2014, defendant signed a waiver of counsel form and represented herself at the probation violation hearing. Defendant admitted to the willful violations at the hearing. Defendant, however, testified that she was in an abusive domestic relationship and had fled North Carolina for her safety. Defendant also testified that she notified her probation officer of her situation and had planned on turning herself in when she returned to North Carolina. After hearing the testimony, the trial court stated: "Now, after consideration of the record proper, review of the violations in open court, statements from both sides, I find and conclude that the defendant violated the conditions [of probation.]" Accordingly, the trial court revoked defendant's probation and activated the suspended sentences.
Defendant did not give oral notice of appeal at the time of the revocation, but wrote a letter on 20 July 2014 indicating her desire to appeal. On 21 July 2014, defendant appeared before Judge Donald Stephens and reiterated her interest in an appeal. Judge Stephens reviewed the letter, and signed appellate entries on 21 July 2014. On 20 February 2015, defendant filed a petition for writ of certiorari seeking to preserve her right to appeal from the revocation of her probation. Although it appears defendant's written notice of appeal does not comply with the requirements of N.C. R.App. P. 4 and the appeal must be dismissed, in our discretion we allow the petition to permit appellate review of the judgments pursuant to N.C. R.App. P. 21.
_________________________
In her sole argument on appeal, defendant contends the trial court abused its discretion by revoking her probation based on her admission that she absconded. We disagree.
Pursuant to N.C. Gen.Stat. § 15A-1344(a) (2013), a trial court may revoke a defendant's probation if it finds that she absconded "by willfully avoiding supervision or by willfully making [her] whereabouts unknown to the supervising probation officer[.]" N.C. Gen.Stat. § 15A-1343(b)(3a) (2013). A trial court's determination that a defendant violated her probation is reviewed for a "manifest abuse of discretion." State v. Jones,--- N.C.App. ----, ----, 736 S.E.2d 634, 636 (2013) (citation and quotation omitted).
Probation violation hearings are not formal criminal trials, and a defendant "either 'admits' or 'denies' the allegations [contained] in the [probation violation] report." State v. Cleary,213 N.C.App. 198, 204, 712 S.E.2d 722, 727 (2011). "Unlike when a defendant pleads guilty, there is no requirement that the trial court personally examine a defendant regarding his admission that he violated his probation." State v. Sellers,185 N.C.App. 726, 728-29, 649 S.E.2d 656, 657 (2007) (citation omitted). A defendant's admission to a willful violation of one of the conditions of probation that support immediate revocation constitutes sufficient grounds to revoke probation. State v. Lee,--- N.C.App. ----, ----, 753 S.E.2d 721, 724 (2014).
In this case, the trial court properly revoked defendant's probation based on her admission to a willful violation. Defendant contends that she did not appreciate the consequences of her admission because she was acting pro sebut does not challenge the validity of her waiver of counsel. Moreover, the evidence presented at the violation hearing confirms that defendant left North Carolina without permission from her probation officer and without making her exact whereabouts known. Defendant did not come back into contact with her probation officer until she was arrested in Washington, D.C. in May 2014. Accordingly, we affirm the trial court's judgments revoking defendant's probation.
AFFIRMED.
Judges DIETZ and TYSON concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgments entered 17 July 2014 by Judge Robert F. Johnson in Alamance County Superior Court. Heard in the Court of Appeals 1 June 2015.

The judgments suspending sentence and revoking probation identify defendant as "Sakinah Mone Smith," although the appellate entries identify her as "Sakinah Marie Smith." We refer to defendant by the name listed in the judgments.